REDMANN, Judge.
A deputy criminal sheriff appeals from the New Orleans City Civil Service Commission’s affirmance of his dismissal.[1]
The April 18, 1972 letter of dismissal charged that the employee had violated seven quoted prison regulations. The letter did not state any of the facts which constituted the violations.
The cause of dismissal must be “expressed in writing”, La.Const. art. 14 § 15(N)(1). Hays v. Louisiana Wild L. & F. Comm., 1962, 243 La. 278, 143 So.2d 71, alternatively reasoned (aided by a here inapplicable State Commission rule requiring “detailed reasons”) that a “fair and clear statement of the misconduct” is essential. See, similarly, Robbins v. New Orleans Pub. Libr., La.App.1968, 208 So.2d 25.
The letter was insufficient compliance with the constitutional requirement. Had appellant based his appeal to the Civil Service Commission on its insufficiency, he would presumably have quickly won reinstatement (with back pay) and have quickly received a new, proper letter of dismissal. Instead, by pleading of May 23 appellant asked that the original letter “be ordered amended by particularizing” as requested in interrogatories. When the Commission considered this matter on July 6, 1972 it ordered the interrogatories answered and they were in fact answered on July 17, 1972, with attached copies of statements that gave full details of the alleged misconduct.[2]
We hold appellant entitled to back pay until the July 17, 1972, compliance with the constitutional requirement of expressing in writing the cause for his dismissal. We hold, however, that by his request for an amendment of the originally defective notice he consented to the amendment, rather than requiring a new notice of dismissal which would beyond doubt have forthcome. We affirm the Commission’s conclusion his dismissal was proper (once the cause was expressed in writing).
One specification in writing was that appellant in conversations with a second dep *551 uty, prior and subsequent to appellant’s suspension, urged the second deputy to make money by selling heroin, and impliedly acknowledged that appellant was himself selling heroin, inside the prison.
The second deputy-so testified. Despite appellant’s denial of the conversations, he admitted seeing the other deputy under the circumstances of visiting an inmate (while disputing the other’s credibility for placing visiting facilities on the jail’s ninth rather than second floor).
The Commission itself noted appellant could not be convicted on the evidence presented but concluded the evidence was reasonably sufficient cause for the dismissal.
Doubtless the possibility of one civil servant being dismissed on the testimony of another, uncorroborated except by testimony from superiors that inmates had accused appellant of involvement in prison narcotics traffic, is unattractive because it might enable a convincing liar to defeat an honest employee’s civil service protection against causeless firing. But the Commission concluded that the appointing authority was not arbitrary in believing the accusing deputy rather than the accused, when no grounds for disbelieving the accuser existed. There was evidence to support the Commission’s conclusion of non-arbitrariness.
The reviewing court has no authority to review questions of fact, Const. art. 14 § 15(O) (1).
The decision is affirmed insofar as it held appellant properly discharged but only after the July 17, 1972 expression in writing of the factual cause; and it is reversed only insofar as it denied reinstatement and back pay up until July 17, 1972. The matter is remanded for fixing of the amount of back pay due.
Affirmed in part; reversed and remanded in part.

. Lodged in this court January 7, 1974 and heard April 4, 1974, this matter was remanded to the Commsision by Order of April 30 for clarification of record recitals that (1) the Commissioners each read the transcript [on letter size paper] before decision and (2) the transcript was not ready [on legal size paper] and thus more time was needed for appeal. Clarifying certificates, giving the braketed explanation, were furnished and the case was resubmitted to us on May 23.

. The Commission’s actual hearing in October 1972 allowed appellant time to prepare against the July 17 charges. The Commission had further promised, in July, that appellant would be granted a continuance if surprised by any of the specifications.