333 So.2d 316 (1976)
Joseph H. MAJOR and James P. Rupp
v.
LOUISIANA DEPARTMENT OF HIGHWAYS.
No. 10681.
Court of Appeal of Louisiana, First Circuit.
May 24, 1976.
Anthony J. Bonfanti, Baton Rouge, for appellant.
*317 James A. Wood, Baton Rouge, for James Rupp.
Sam J. D'Amico, Baton Rouge, for Joseph Major.
Before LANDRY, COVINGTON and PONDER, JJ.
LANDRY, Judge.
The Louisiana Department of Highways (Department) appeals the decision of the Louisiana Civil Service Commission (Commission) sustaining motions for summary disposition in favor of the Department's dismissed employees, Joseph H. Major and James P. Rupp, because notices of dismissal sent said employees by Department failed to adequately specify reasons for dismissal. The decision appealed also ordered reinstatement of said employees with full pay and all other emoluments to which they were entitled. We affirm.
The Major and Rupp cases were consolidated for hearing before the Commission. Both employees were dismissed from the position of Scale Operator II, effective January 24, 1975. Both said employees protested their dismissal and moved for summary disposition which was granted by the Commission upon finding the charges so vague and indefinite as to preclude said employees from preparing an adequate defense thereto. The Department appealed and both said employees moved to dismiss the appeal on the ground that the Department acquiesced in the judgment. On January 12, 1976, we rendered judgment denying Major's motion to dismiss the Department's appeal but sustaining Rupp's motion to dismiss the appeal upon our finding that the matter had become moot as to Rupp who had been allowed to resign his position with the Department's approval. 327 So.2d 515. The Department has not requested a rehearing of the dismissal of its appeal as to Rupp, which matter has become final. Major has applied for rehearing of our judgment denying his motion to dismiss the Department's appeal, which application we deny. Consequently, the Major matter is before us on its merits.
On January 24, 1975, Major was personally handed the following written notice of dismissal:
"Re: Removal from Employment for Cause
Dear Mr. Major:
You are hereby notified that effective upon receipt of this letter, your employment with the Louisiana Department of Highways is herewith terminated. An investigation into certain alleged misconduct on your part has been conducted and completed. The results of said investigation have been evaluated and a definitive determination has been reached that your actions merit dismissal.
The reasons for your removal from the employ of the Louisiana Highway Department are as follows:
(1) Failure to perform your duties as Scale Operator II by deliberately allowing the passage of overweight vehicles through your scales without issuing a violation ticket for said violation upon receipt by you of directly solicited money, goods or other objects of value, including gasoline and cases of beer; said money, goods or objects of value being kept by you for your own personal use; the same occurring systematically over at least a fourteen (14) month period on a weekly basis from approximately February of 1973 through March of 1974.
(2) The use of your position and employment with the Louisiana Department of Highways to force the payment of money, goods or other objects of value to you from private sources for your own personal use, gain and profit, the same occurring systematically during at least the *318 fourteen (14) month period alleged in paragraph 1 above.
(3) Direct solicitation and acceptance by you of gifts, gratuities or objects of economic value, including money, cases of beer and gasoline from private sources in exchange for favors rendered by you whereby overweight vehicles were permitted to use the Highways of the State in violation of the laws of this State and the rules of this Department, the same occurring systematically over at least a fourteen (14) month period on a weekly basis from approximately February of 1973 through March of 1974.
 Very truly yours,"
Major contends the letter of dismissal is fatally defective in that it fails to recite the grounds for his dismissal with that degree of specificity required to permit preparation of adequate defense, as set forth in Civil Service Rule 12.3 and also as mandated by the due process clauses of the federal and state constitutions. Civil Service Rule 12.3 provides as follows:
"12.3 Procedure in Adverse Actions for Cause, Except Suspensions
In every case of removal, demotion or reduction in pay for cause of a permanent employee the appointing authority or his authorized agent shall furnish to the employee at the time such action is taken, or prior thereto, a statement in writing giving detailed reasons for such action. The appointing authority shall furnish the Director a copy of such statement within 15 calendar days of the date the employee is notified."
The Department concedes that a letter of dismissal of a classified state civil service employee must state specific and detailed reasons and causes for the disciplinary action taken. The Department argues, however, that the recent change of the burden of proof of facts, from employee to appointing authority, on appeal, as provided by La.Const. 1974, Article X, Section 8, has abrogated and removed the need for extreme specificity required by La.Const.1921, Article XIV, Section 15(N)(1)(a) and jurisprudence interpretative thereof, which placed said burden of proof on the employee.
So contending, the Department maintains that the letter in question is sufficiently specific and detailed in that the nature of the alleged misconduct makes specification of exact dates impossible. The Department further contends that the letter alleges a systematic course of misconduct over a specific time span and therefore fully apprises Major of the precise nature and extent of the charges against him.
Lastly, the Department suggests that any lack of detail may be adequately remedied by the use of depositions and interrogatories available to an employee pursuant to Civil Service Rule 13:19(d) which states that where appropriate, and not inconsistent with Civil Service Rules, rules of evidence applicable in civil district court trials shall apply in all hearings before the Commission.
The Department's first contention is based on the premise that whereas La.Const. 1921, Article XIV, Section 15(N)(1)(a) imposed on the employee the burden of proving himself not guilty of the charges against him, La.Const.1974, Article X, Section 8 shifted this burden to the appointing authority. Consequently, the Department argues, there is no longer a need for the extreme specificity and detail formerly required. It is conceded that the jurisprudence has consistently held the appointing authority to the duty of specific allegations because of the burden heretofore resting upon the employee. See Biggio v. Department of Safety and Permits, La.App., 299 So.2d 504; Hoover v. Department of Finance, La.App., 283 So.2d 298; Robbins v. New Orleans Public Library, La.App., 208 So.2d 25; Parrino v. Louisiana State University School of Medicine, La.App., *319 207 So.2d 800; Bonnette v. Louisiana State Penitentiary, Department of Institutions, La.App., 148 So.2d 92. In this connection, we note the following language appearing in Hays v. Louisiana Wild Life and Fisheries Commission, 243 La. 278, 143 So.2d 71:
"The requirement of this rule that detailed reasons be stated for the action taken plainly comprehends a fair and clear statement of the misconduct of the employee including, whenever pertinent, time, dates, places and amounts, if, as in this case, monies are alleged to have been unjustly secured and misappropriated. This is necessarily so, since, under Section 15(N)(1)(a) of Article 14 of the Constitution, the employee appealing from the disciplinary action has the burden of disproving the facts stated in the letter of dismissal as grounds for the employing authorities action. Unless, then, the facts are detailed, as required by Rule 12.3, the employee would have little chance on appeal to carry the burden, even though he might have a valid defense to the action."
The Department argues that Hays, above, requires detail and specificity only "where pertinent," and that in this instance specification of dates, names and times are not essential because the allegations charge a systematic scheme of improper conduct over a definite time period.
Despite the constitutional shift in burden of proof, we believe the fundamental right of due process requires the detailing and specification of charges sufficient to apprise the disciplined employee of the nature of the charges against him. We deem it obvious that to prepare his defense, the charged employee must know with reasonable particularity the facts and circumstances he may be called upon to rebut in the event his employer makes out a prima facie case against him.
We find no merit in the Department's contention that the degree of specificity required by the Commission's ruling is unreasonable and unrealistic in that it exceeds the rules of particularization governing criminal prosecutions. Civil Service Rule 12.3 remains unchanged and we believe rightfully so. While a bill of information in a criminal proceeding may validily omit some details of the alleged offense, the accused may always demand a bill of particulars and, even after providing a bill of particulars, an information or indictment may be set aside for an omission of details prejudicial to the accused's ability to adequately prepare his defense. State v. Mason, La., 305 So.2d 523; State v. Clark, La., 288 So.2d 612. We do not concede that the Commission has required particularization beyond that required in criminal cases; neither do we concede the degree of specificity thus required is unreasonable. The Commission's application of Rule 12.3 must necessarily depend upon the circumstances of each individual case, taking into account the fact that a letter of dismissal produces a concurrent penalty which makes it imperative that the employee be in a position to rebut at the earliest possible opportunity.
We also find no merit in the Department's argument that names and dates are not pertinent in this instance because such information is not essential to the acts of misconduct relied upon as cause for dismissal. The Department urges that, because of the nature of the conduct charged, the self-supervision involved in Major's position, and the difficulty of each truck driver recalling the date of each alleged incident of misconduct, the Department cannot truthfully and accurately detail dates of such incidents.
Granting that recitation of exact dates may be difficult, if not impossible, nevertheless, the employee is entitled to notice which plainly comprehends a fair and clear statement of his misconduct. The notice must be such that the employee may commence preparation of his defense predicated upon the information contained therein. In this instance the notice should at least have contained the names of the *320 truck drivers who allegedly paid bribes to Major, some approximation of the dates of the alleged payments and some specification of the items allegedly given as bribes.
There remains the Department's argument that lack of specificity of charges should not result in automatic reinstatement of a discharged employee because inadequacy of notice may be remedied by use of the discovery devices available in civil cases. Notwithstanding availability of such devices, employees are entitled to notice containing allegations of specific instances of misconduct, pursuant to Civil Service Rule 12.3 and the above cited jurisprudence. This fundamental right continues regardless of other rights available to them. See Jarrell v. Criminal Sheriff Department, La.App., 297 So.2d 549.
The ruling of the Commission is affirmed, the Department to pay all costs of this appeal for which the Department may be legally cast.
Affirmed.