CHIASSON, Judge.
This is an appeal of a ruling of the Civil Service Commission upholding the action of the Alcoholic Beverage Control Commission in discharging Ted V. Michel, appellant, an ABC Officer II, with permanent status.
In a letter of removal, dated September 16, 1975, the reasons for termination of appellant’s services were stated to be that:
“1. You falsified your daily reports and attendance and payroll records for the days of June 25, June 27, July 8, July 9, July 10, and July 11, 1974, by claiming a total of eight (8) hours work for each of those days when in fact you did not perform a full eight hours of work on any of those days. Based on those falsified records, you were paid for hours of work which you did not perform.
*1163 “2. You falsified your expense accounts for the months of June and July, 1974, by making a claim for payment for miles allegedly traveled on June 25, June 27, July 8, July 9, July 10, and July 11, 1974, which in fact you did not travel. Further, in your expense account for June, 1974, you made claim for and received payment for the reimbursement of $3.75 allegedly used for the purchase of alcoholic beverages during investigations of the Town & Country Lounge, 2133 St. Charles Avenue and Play Girl Club, 1926 Magazine Street, New Orleans, Louisiana, on July 25, 1974, when in fact you did not visit those locations on that day.”
On October 13, 1975, the appellant filed a Petition of Appeal with the Civil Service Commission denying the allegations contained in the letter of termination and further stating that the reasons set forth in the letter were false, that his removal was without cause, that the reasons given were not the true reasons for his dismissal and that the written notice required by the constitution before removal action can be taken was insufficient to apprise the appellant of legal cause for his dismissal.
The Civil Service Commission after a hearing held on May 4, 1976, denied appellant’s appeal of his dismissal.
The appellant contends that in denying his appeal, the Civil Service Commission erred because:
1. The letter of dismissal was inherently defective as it did not provide the appellant with the specific detailed reasons for his termination as required by Rule 12(3);
2. The disciplinary action imposed on the appellant was improper because the appointing authority had previously acquiesced to the Court’s decision by reinstating the appellant and allowing him to perform the duties required of his office; and
3. The facts adduced at the Civil Service Hearing do not support the allegations contained in the September 16th, 1975 letter of dismissal.
Rule 12.3 of the Civil Service Commission provides:
“In every case of removal, demotion or reduction in pay for cause of a permanent employee the appointing authority or his authorized agent shall furnish to the employee at the time such action is taken, or prior thereto, a statement in writing giving detailed reasons for such action. The appointing authority shall furnish the Director a copy of such statement within 15 calendar days of the date the employee is notified.”
The detailed reasons required by this rule plainly comprehend a fair and clear statement of the misconduct of the employee, including whenever pertinent, times, dates, places, amounts and names. Hays v. Louisiana Wild Life and Fisheries Commission, 243 La. 278, 143 So.2d 71 (1962); Parrino v. Louisiana State University Sch. of Med., 207 So.2d 800 (La.App., 1st Cir. 1968); Robbins v. New Orleans Public Library, 208 So.2d 25 (La.App., 4th Cir. 1968). The reason for this rule is that to prepare his defense, the charged employee must know with reasonable particularity the facts and circumstances he may be called upon to rebut in the event his employer makes out a prima facie case against him. Major v. Louisiana Department of Highways, La.App., 333 So.2d 316 (1st Cir. 1976).
The allegations contained in the letter of removal are sufficient to inform the appellant of the facts which give rise to the grounds for his dismissal. The testimony in the record and the exhibits offered into evidence indicate that the appellant had knowledge of the misconduct of which he was accused.
The appellant’s second specification of error apparently refers to an earlier attempt to dismiss the appellant for the same misconduct as that alleged in the September 16, 1975 letter of removal. Following the first attempt at dismissal the appellant was ordered reinstated because the ABC Commission failed to notify the appellant in *1164 writing of the reasons for his termination at the time of his termination, or prior thereto, as required by Rule 12.3.
The above issue was not raised before the Civil Service Commission and no evidence concerning this matter is contained in the record. Therefore, this question can not be considered by this Court.
Based on the testimony and exhibits introduced at the hearing, the Commission found that:
1. On June 25, 1974, appellant reported that he visited four different businesses in downtown New Orleans between 7:00 P.M. and 10:00 P.M. when in fact he never left his residence between 5:40 P.M. and 9:30 P.M.
2. On June 27, 1974, appellant reported working from 9:00 A.M. to 4:00 P.M., of which 2:45 hours was in his office, and the remainder was at various establishments in New Orleans vicinity; when in fact he spent only 1:06 hours in the office and was at home or on personal business from 10:36 A.M. to 7:00 P.M. except for 25 minutes that he was unaccounted for in his car.
3. On July 8, 1974, appellant reported working 8 hours of which 2:30 hours was in his office and 5:30 hours was checking various establishments in New Orleans. He, in fact, spent 1:03 hours in his office and 2:21 hours in his car for a maximum possible work schedule of 3:24 hours.
4. On July 9, 1974, there was insufficient information to prove any charges except that he was at home at 12:45 P.M. when he reported that he was at New Orleans Police Department checking on permits.
5. On July 10, 1974, appellant reported working 9:00 A.M. to 4:30 P.M. and driving 62 miles, of which 2:30 hours were in his office. He, in fact, spent 1:42 hours in the office and was unaccounted for in his car for 51 minutes between 8:45 A.M. and 8:00 P.M. for a maximum possible work time of 2:33 hours. The odometer registered an elapsed mileage of 23 miles rather than 62 miles. Completely disregarding the conflicting testimony about 9:00 to 10:00 P.M. on that date, this makes an erroneous report of 4:27 hours and 39 miles.
6. On July 11, 1974, appellant reported driving 57 miles when his odometer on his personal car only showed an elapsed mileage of 24 miles.
7. In no instance did the odometer readings reported coincide with the actual odometer readings on any car.
The appointing authority relied upon the reported hours of work and mileage reported for paying appellant. In at least the instances reported in the Commission’s findings of facts, the appellant falsified his reports and the letter of dismissal was substantiated.
The decisions of the Civil Service Commission are subject to review on appeal to this Court on any question of law or fact. Louisiana Constitution of 1974, Art. 10, § 12. This scope of review is essentially the same as that provided for appeals from the decisions of the District Courts. Louisiana Constitution of 1974, Art. 5, § 10(B). The principle of appellate review was set out by the Louisiana Supreme Court in Canter v. Koehring Company, La., 283 So.2d 716 (1973). In its opinion the Court stated:
“When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court's finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. Stated another way, the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. The reason for this well-settled principle of review is based not only upon the trial court’s better capacity to evaluate live witnesses (as compared with the appellate court’s access only to a cold record), but also upon the *1165 proper allocation of trial and appellate functions between the respective courts.”
These same considerations are applicable in a review of a decision of the Civil Service Commission.
However, the usual rules of evidence need not apply in administrative hearings, R.S. 49:956, and thus hearsay may be admitted; nevertheless, the findings must be supported by competent evidence, and incompetent evidence admitted at the hearing will be disregarded by the Court in its judicial review. Hall v. Doyal, 191 So.2d 349 (La.App., 3rd Cir. 1966).
A review of the findings of the Civil Service Commission indicates that several of the findings are based on insufficient or incompetent evidence.
The Civil Service Commission’s finding that the appellant did not visit four different businesses in downtown New Orleans between 7:00 P.M. and 10:00 P.M. on June 25, 1974, is based on insufficient evidence. The evidence establishes that the appellant did not leave his apartment between 5:40 P.M. and 9:30 P.M. on that date and that his Monte Carlo was parked during this time near his apartment. There is no evidence however, that he was within his apartment at this time as the last contact of the surveillance team with the appellant was at 1:55 P.M., 15 minutes after the appellant left his office.
The finding that on July 8, 1974, the appellant worked only 2:21 hours in his car is also unproven. Contact with the appellant was lost at 1:54 P.M. It appears that the Commission concluded that the appellant returned home at 4:15 P.M. The only evidence supporting this conclusion is the testimony of Sam Anzalone, who headed the surveillance of the appellant, that he received a radio report from Anthony Russo, a member of the surveillance team, that the appellant had returned home. This is hearsay evidence and not competent. In-addition, Russo, who was watching the appellant’s apartment from 4:00 P.M. to 8:00 P.M., testified he did not see the appellant at all that day, in direct contradiction to Anzalone’s testimony.
There is no competent evidence establishing that the appellant was at his home at 12:45 P.M. on July 9, 1974. Agent Russo, who was watching the house, went off duty at noon. Agent Anzalone, the only other member of the surveillance team who testified, did not sight the appellant until 1:22 P.M. Therefore, there is only hearsay evidence as to the appellant’s whereabouts during this period.
There is conflict in the testimony as to the appellant’s whereabouts at other times mentioned in the findings. Because the Commission’s factual conclusions are based on a determination of the credibility of witnesses appearing before it, we can not say that these other findings by the Commission are manifestly erroneous.
These instances support the conclusions of the Civil Service Commission that the appellant falsified his reports and that the letter.of dismissal was substantiated.
For the above reasons, the decision of the Civil Service Commission is affirmed. Cost to be paid by appellant.
AFFIRMED.