357 So.2d 5 (1977)
Sharon Kay Wheat MARTIN and Ernest E. Martin
v.
Bertrand A. FEIBER et al.
Sharon WHEAT and Early American Dixie Auto Insurance Company
v.
Bertrand FEIBER.
Nos. 11669-A, 11669-B.
Court of Appeal of Louisiana, First Circuit.
December 28, 1977.
Charles M. Cassidy of Watts & Cassidy, Franklinton, for plaintiffs martin.
Charles W. Rea, Baton Rouge, for plaintiff Dixie Auto. Ins. Co.
John W. Anthony of Talley, Anthony, Hughes & Knight, Bogalusa, for defendants.
Before LANDRY, SARTAIN and ELLIS, JJ.
LANDRY, Judge.
Plaintiffs in these consolidated cases, a host driver, her husband, her guest passenger, and the subrogated collision insurer of her 1972 Toyota automobile, appeal judgments dismissing their claims for personal injuries and property damages sustained and incurred when plaintiff's vehicle was struck from the rear by a vehicle owned and driven by defendant Bertrand Feiber, the insured of defendant Balboa Insurance Company. Lindsey-Feiber Motor Company, Inc., vendor of the Toyota, was also made defendant on the ground the vehicle contained a latent defect which contributed to the accident. We affirm.
This most unusual accident occurred at mid-morning, September 26, 1975, a clear dry day, on La. Highway 21, at the foot of an overpass between Bogalusa and Covington. Mrs. Martin was proceeding southerly along the paved two lane highway accompanied by her aunt, Lucille Blackwell. Driving at a speed of approximately 25 miles per hour, Mrs. Martin traversed the overpass and as she was descending the slope, she noted a dense smoke penetrating the *6 vehicle through the dash. The smoke was so thick that it obscured her vision. She applied her brakes, and told her guest passenger to jump out of the vehicle from her side and Mrs. Martin attempted to leave the car through the opposite door. Mrs. Martin's foot became entangled in the brake pedal and while in this position, her vehicle was struck from the rear by Feiber's vehicle which was also proceeding southerly. They both concede that Mrs. Martin stopped as soon as she could when she noticed the smoke entering her car. Mrs. Martin denied, however, swerving her car to the left just before the impact, as contended by Feiber.
Feiber's testimony differed in that he stated that he was proceeding at a speed of about 35 miles per hour following the Martin car which he had been trailing for about 2 miles. As he reached the crest of the overpass he could see that the road ahead was straight for about a mile and that there was no oncoming traffic. He observed the Martin car about 100 feet or so ahead in its proper lane of travel and decided to pass. He accelerated his vehicle and began pulling into the left lane. When the front of his car was a short distance from the Martin car, both front doors of the Martin vehicle opened suddenly and the Martin car pulled into the left lane in front of him. He then saw smoke coming from the Martin car and observed an explosion. The Martin vehicle was then enveloped in smoke. He pulled his car to the right and applied his brakes and then felt a slight impact. He brought his car to a stop in the right hand lane and drove off the highway onto the shoulder. Upon going to the aid of Mrs. Martin, she told him that she attempted to jump out of her car and in doing so she pulled on the steering wheel thus causing her vehicle to veer into the passing lane.
The accident was witnessed by Ernest L. Breland, who was traveling a short distance behind Feiber. At the top of the overpass Breland noticed the two cars ahead. The Martin car appeared to explode suddenly and smoke completely enveloped both the Martin and Feiber vehicles. As the smoke cleared, Breland saw someone jump from the right side of the Martin car. He then observed the Martin car proceed ahead slowly, veer to the left, proceed down an embankment and come to rest against a tree. He could not tell whether the Martin car was moving at the instant of impact. He estimated that he was about 75 yards behind Feiber when the accident occurred. He considered the accident unavoidable on Feiber's part.
Based primarily on the contention that Mrs. Blackwell placed the point of impact at the bottom of the overpass, approximately 530 feet from the crest, and Feiber's testimony that he saw smoke coming from the Martin car when he came over the crest of the overpass, Appellant maintains that the trial court erred in failing to find Feiber negligent under the circumstances and alternatively, in failing to hold Feiber responsible for not exercising the last clear chance to avoid the accident. The testimony of Mrs. Martin and Mrs. Blackwell, however, is contradicted by that of Feiber and the disinterested witness Breland. Both of these witnesses place Feiber's automobile in much closer proximity to the Martin car when the emergency arose.
The record reveals that the difficulty with the Martin car resulted from inefficient repair of a radiator hose which caused water and coolant to escape from the radiator. The chemical content of the coolant formed a dense smoke upon coming in contact with the heated engine.
The trial court found that an emergency was created by the smoke and by Mrs. Martin's veering suddenly into the passing lane as Feiber was attempting to pass. He found no negligence on Feiber's part in attempting to pass under the circumstances. He also found that when confronted with the emergency created by the Martin car veering into his path, Feiber reacted reasonably and prudently in applying his brakes and veering to the right. The trial court found that the accident was unavoidable on Feiber's part; that Feiber was not negligent; and, that Feiber did not have the last clear chance to avoid the accident.
*7 Appellate courts must accord great weight to the factual findings of the trier of fact. When testimony is in conflict, reasonable evaluations of credibility and reasonable inferences of fact drawn by the trier of fact should not be disturbed on appeal, except on a showing of manifest error, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Canter v. Koehring Company, 283 So.2d 716 (La.1973).
We find no manifest error in this instance. On the contrary, we conclude that the factual findings of the trial court are supported by the record.
The judgment is affirmed at Appellants' cost.
Affirmed.