394 So.2d 650 (1980)
Leo J. DUNDY
v.
LOUISIANA STATE UNIVERSITY IN BATON ROUGE.
No. 13830.
Court of Appeal of Louisiana, First Circuit.
December 15, 1980.
Rehearing Denied February 11, 1981.
*651 Robert C. Funderburk, Jr., Baton Rouge, for appellant.
William A. Norfolk, Baton Rouge, for appellee.
Before COVINGTON, CHIASSON and LEAR, JJ.
CHIASSON, Judge.
Leo J. Dundy, appellant, appeals the ruling of the State Civil Service Commission (Commission) affirming the termination of his employment as a Building Services Supervisor I with Louisiana State University (LSU).
Dundy had been suspended from duty and pay on June 5, 1979. After an investigation by LSU, appellant was notified that he was being terminated as of June 11, 1979. The following excerpt from his termination *652 letter sets forth the basis of his termination, to wit:
"It has recently come to our attention that you are not handling your assigned duties in a responsible manner by permitting an employee for whom you are responsible, Anthony Hookfin, to leave his job for about three hours before the end of his shift and report to another job off the campus. According to the time card of this employee his card was being punched out at the end of his shift from his position with the department and he was being paid for a full eight (8) hours by the University. The dates involved are May 17, 18, 21, 22 and 23, 1979. George Sheppard, a supervisor under you, made a statement to us on May 25, 1979, that you told him not to worry about two employees, Anthony Hookfin, the employee involved, and Mary Belin who was working in the same location. You stated to this supervisor that those employees knew what they were doing and that he was not to check on them. George Sheppard checked on these employees only at the beginning of their shift and you were to check on them after that. These instructions by you to the supervisor made you directly responsible for the activities of Anthony Hookfin. Under the above circumstances, you must have known that Anthony Hookfin was leaving his job before the end of his shift and that someone was punching his time card out at the end of his shift.
* * * * * *
"On or about July 20, 21, and 22, 1978, you spent the entire shift driving employee Jerrie Ayio around in the University pickup truck. On or about July 21, 1978, you drove off campus to your home, taking Jerrie Ayio with you. The transportation used was a University pick-up truck and this was done during the scheduled working hours for you and Jerrie Ayio.
"On September 16, 1978, you were observed by James King punching out on the time card of Willie C. Smith who was known to be in Texas on that date."
On July 9, 1979, a timely appeal was filed by Dundy to the State Civil Service Commission, appealing the action taken by LSU. A hearing was held in which the action of LSU was found to be reasonable and the appeal was denied. The Commission made the following "Findings of Fact":
"1. Anthony Hookfin, a former employee with the Custodial Department at L.S.U., under the supervision of appellant, held two jobs simultaneously, during conflicting hours, with the knowledge, consent, and assistance of appellant. Hookfin's hours of employment with L.S.U. were from 11:00 p. m. until 7:00 a. m., while his hours of employment with the U.S. Post Office commenced at 4:00 a. m. From May 17, 1979 through May 24, 1979, during the days of work, Hookfin was present at the U.S. Post Office during the hours of 4:00 a. m. through 7:00 a. m.; and during the same time period, his card at L.S.U. indicated that he was present on the job at L.S.U. until 7:00 a. m., at which time his card was `punched.' Hookfin had made arrangements with appellant that enabled him to accomplish this. As a consequence, Hookfin was paid for a full shift at L.S.U. for the time he was working at the U.S. Post Office.
"2. On the first night of her employment with the Custodial Department, Jerrie Ayio, employed under the supervision of appellant, was taken by appellant to his home during working hours, in an L.S.U. truck. The purpose of the trip was personal.
"3. Although there is conflicting testimony as to whether a subordinate was in Texas during working hours and was `punched out' by appellant, there is no doubt that appellant could and did permit an employee to absent himself from work, without suffering any diminution in pay or other penalty, since time cards were `punched out' notwithstanding the absence of the employee."
*653 It is upon these findings of fact that the appellant appeals. Five of the six specifications of error assigned by the appellant involve rules of evidence with the remaining error centered on the actual fact finding of the Commission.
The appellate review of the Commission's ruling is now on any question of law or fact. La.Const.1974 Art. 10 Sec. 12. Brown v. L. H. H. R. A., 346 So.2d 758 (La.App. 1st Cir. 1977). The scope of review is essentially the same as that provided for appeals from the decisions of the district courts. La.Const.1974 Art. 5 Sec. 10(B). Michel v. Dept. of Pub. Saf. Al. Bev. Con. Bd., 341 So.2d 1161 (La.App. 1st Cir. 1976), writ refused 343 So.2d 1078 (La.1977) Case 1. Brown, supra, page 762.
That scope of appellate review was established in the case of Canter v. Koehring Company, 283 So.2d 716 (La.1973) and explained in Arceneaux v. Domingue, 365 So.2d 1330 (La.1978) to be as follows:
"... Appellate review of facts is not completed by reading so much of the record as will reveal a reasonable factual basis for the finding in the trial court; there must be a further determination that the record establishes that the finding is not clearly wrong (manifestly erroneous)." Arceneaux, supra, page 1333.
Appellant contends the Commission erred in finding that he had assisted Anthony Hookfin in simultaneous employment during conflicting hours. We find a factual basis for the Commission's ruling and the finding is not clearly wrong.
The remaining specifications of error involve the use of the rules of evidence in the Commission's hearings. Strict compliance with the Rules of Evidence in administrative hearings is not mandatory. Michel, supra, page 1165. Messer v. Department of Cor., La. State Pen., 358 So.2d 975, 979, (La.App. 1st Cir. 1978). Nonetheless, the findings of the Commission must be based on competent evidence. Michel, supra; Messer, supra.
We find that there is competent evidence in the record to substantiate the factual findings of the Commission. Mr. Percy Hancock, a supervisor for eleven years at LSU, testified that he was present at the U.S. Post Office when Anthony Hookfin reported to work there while still supposedly working on the LSU Campus. Hancock confronted Hookfin with the situation. In addition, Hookfin testified that he was holding the two jobs simultaneously. Mr. George Sheppard, the immediate supervisor of Hookfin, testified that he was instructed by Mr. Dundy not to check on him, that Dundy would take care of him.
As to the second finding, both Ms. Ayio as well as Mr. Dundy himself stated that Mr. Dundy drove off campus with Ms. Ayio in the LSU pickup truck on the first night of her employment. The Commission concluded from the testimony that the trip was personal. The third finding by the Commission is substantiated by the eye witness testimony of James King who testified that he saw Mr. Dundy punch the time card of Willie Charles Smith.
Even though appellant has shown conflicting testimony as to each of these findings, it is not proper to substitute our judgment for the Commission's when there is a reasonable factual basis in the record supporting such a finding and the finding is not clearly wrong. As was stated in Martin v. Feiber, 357 So.2d 5 (La.App. 1st Cir. 1977), "(A)ppellate courts must accord great weight to the factual findings of the trier of fact. When testimony is in conflict, reasonable evaluations of credibility and reasonable inferences of fact drawn by the trier of fact should not be disturbed on appeal, ...." The evaluations of credibility in this case are supported by reasonable evidence.
LSU has proven the allegations against the appellant by a preponderance of the evidence and thus was within its rights to terminate Leo J. Dundy for the causes hereinabove mentioned.
The ruling of the Commission in dismissing appellant's appeal is affirmed at appellant's costs.
AFFIRMED.