CHIASSON, Judge.
Plaintiff-appellee, First State Bank and Trust Company of East Baton Rouge Parish (formerly Baker Bank and Trust Company), *456 seeks recognition and enforcement of its collateral mortgage on certain immovable property belonging to defendants-appellants, Mr. Dalton Abshire and his wife, Mrs. Delia Landry Abshire. Plaintiff filed suit on two hand notes which are alleged to be secured by the pledge and delivery of a collateral mortgage note signed by Mr. and Mrs. Dalton Abshire. One hand note is signed by Dalton Abshire as president of Dalton’s Heating & Air Conditioning Co., Inc., and the other note is signed by Dalton Abshire individually.
Appellants do not deny the execution of the hand notes, but they do deny that any indebtedness to appellee is secured by property described in the collateral mortgage. Appellants contend the notations of pledge on the face of the hand notes were placed thereon after the execution of the notes and without their knowledge or consent.
The trial court held that the notations evidencing the pledge on the hand notes were there before the execution of the notes and recognized appellee’s mortgage on the property described in the collateral mortgage.
Mr. and Mrs. Abshire appeal the judgment of the trial court and their only assignment of error is that the trial court erred in its factual findings.
Appellants’ contention in this court is simply that the trial judge improperly evaluated the credibility of the two witnesses who testified in open court. Appellee filed the notes and the collateral mortgage in evidence as well as the testimony of its loan officer to the effect that the notations of pledge were on the notes prior to their execution. Appellants only presented the testimony of Mr. Abshire to the effect that the notations were not on the hand notes prior to their execution.
Credibility evaluations of conflicting testimony are the task of the trial judge which should not be overturned by an appellate court in the absence of manifest error. Rahm v. Exxon Corp., 399 So.2d 676 (La.App. 1st Cir. 1981); Dundy v. Louisiana State University in Baton Rouge, 394 So.2d 650 (La.App. 1st Cir. 1980).
After carefully reviewing the entire record, we cannot say the trial court’s determination (that the notations of pledge were on the notes at the time of their execution) is clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
The judgment of the trial court is therefore affirmed at appellants’ costs.
AFFIRMED.