CHIASSON, Judge.
Ronald Johnson, plaintiff-appellant, appeals the judgment of the trial court dismissing his suit for personal injuries which he sustained in an automobile accident. Named as defendants were the driver of the other car involved in the accident, Wanda Jean Byrne and her insurer, The Continental Insurance Company, along with the patrolman on duty, Napoleon Dotson, and his employer, the City of Plaquemine, ap-pellees herein.
Based upon the testimony of Officer Napoleon Dotson, defendant-appellee, the trial court found that the collision at the intersection of Louisiana Highway One in the City of Plaquemine and Schnebelen Street occurred as described by him. This intersection may be described as a “T” intersection with four lanes of Louisiana Highway One running north and south and perpendicular to Schnebelen Street. Pursuant to the orders from the Chief of Police, a patrolman is customarily assigned to assist motorists onto the highway at this particular intersection every day at noon.
*370 Officer Dotson testified that he had halted southbound traffic on the highway and then turned to stop northbound traffic. His right hand was extended into the air to stop the northbound traffic and two cars had in fact come to a stop in the northbound right lane. The first was a truck which stopped and then turned right at the intersection just before the accident. Thereafter, he started flagging the cars to come out of Schnebelen Street and about six cars proceeded across the highway pursuant to his signal.
According to the testimony of Mr. Johnson who was following the two northbound vehicles as they began to slow down, he turned into the left lane to pass the vehicles and proceeded to cross the intersection, but he never saw Officer Dotson. Officer Dotson testified that while still flagging the vehicles from Schnebelen Street, the Johnson vehicle, coming at a pretty high rate of speed and not heeding his signal to stop, hit the vehicle driven by Ms. Byrne who, when she saw that a collision was imminent accelerated her vehicle in a vain attempt to avoid the collision.
As a result of said accident, Ronald Johnson sustained personal injuries which form the basis of the present suit. Additionally, Ronald’s brother, Kenneth Johnson, owner of the car driven by Ronald joined in the suit seeking compensation for property damage to his car.
Finding Ronald Johnson negligent in failing to see and obey Officer Dotson, the trial court rendered judgment in favor of the defendant-appellees and against Ronald Johnson, dismissing his demand against them. Since Kenneth Johnson did not sue Ronald Johnson, and Wanda Jean Byrne and her insurer did not file third party demands against Ronald Johnson, the trial court found only Wanda Jean Byrne and her insurer liable, in solido, to Kenneth Johnson in the amount of $1500.00, which represents the property damage to the automobile owned by Kenneth. The trial court held that Wanda Byrne did not use due care in proceeding into the intersection.
Ronald Johnson perfected the instant appeal and alleges that the trial court erred in concluding: (1) that he was contributorily negligent and that his negligence barred recovery against the defendants; (2) that Officer Napoleon Dotson was not the cause-in-fact of the accident and that the officer did not breach his duty to direct traffic safely; and (3) that Wanda Jean Byrne did not have the last clear chance to prevent the accident. Appellees have not appealed nor did they file an answer to the appeal taken by plaintiff-appellant. The sole issue in this appeal is therefore whether the trial court erred in dismissing plaintiff’s suit for damages.
In his reasons for judgment, the trial judge writes, “The Court believed the testimony of Napoleon Dotson and finds that the collision occurred as described by him.”
Appellate courts, unlike the trial courts, are not given the opportunity to view witnesses first-hand, see them testify and thereby evaluate their credibility. We are furnished only with a cold record with which to formulate our opinions. Thus, the rule has emerged in Louisiana that since trial judges are in the better position to reasonably evaluate the credibility of witnesses’ testimony, their factual findings based on such credible evidence, will not be disturbed on appeal unless manifestly erroneous or clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring, 283 So.2d 716 (La.1973); First State Bank & Trust Company of East Baton Rouge Parish v. Dalton’s Heating & Air Conditioning Co., Inc., et al, 408 So.2d 455 (La.App. 1st Cir. 1981).
From our review of the record as a whole, we find no error in the trial judge’s acceptance of the officer’s version of the way the accident happened. The officer’s testimony clearly establishes plaintiff-appellant’s negligence which was the proximate cause of the accident.
Plaintiff-appellant contends that Officer Dotson was the cause-in-fact of the accident. This assignment is without merit since the evidence clearly establishes that the cause of the accident was plaintiff-ap *371 pellant’s failure to keep a proper lookout, and not any omission by the officer to safely direct traffic.
Plaintiff-appellant alleges that the trial court erred in concluding that Wanda Jean Byrne did not have the last clear chance to avoid the accident. The record indicates there were cars traveling in front of Ms. Byrne; traffic had been flowing across the intersection for approximately ten (10) seconds before the accident occurred; a car and a truck were stopped to her left in the right lane of the northbound lane of Highway One; as Ms. Byrne proceeded across the intersection pursuant to Officer Dotson’s command she saw the plaintiff-appellant approaching her from her left when her line of vision was cleared of obstructions; and upon seeing him she accelerated in an attempt to avoid the accident. Officer Dotson testified that plaintiff-appellant was traveling at an excessive rate of speed and not heeding his signal to stop. In view of these facts, Ms. Byrne did not have the last clear chance to avoid the accident.
For these reasons the judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.