PLOTKIN, Judge.
Officer Eric Berger was charged with violation of police department regulation Rule 2, Paragraph 3, relative to truthfulness. Officer Byron Winbush was charged with violation of police department regulations Rule 2, Paragraph 3, relative to truthfulness, and Rule 2, Paragraph 5, concerning verbal intimidation. These charges stemmed from a complaint filed by Tommy Rigsby with the Internal Affairs Division describing misconduct by Berger and Winbush incident to Rigsby’s arrest. The Internal Affairs Division conducted an investigation after which Officers Berger and Winbush were disciplined with two and five day suspensions, respectively. They appeal their suspensions to the Civil Service Commission, which consolidated their cases for hearing and ruled that there was sufficient evidence to support disciplinary action. On appeal to this Court, Berger and Winbush contend that the evidence is insufficient to support the charge of untruthfulness.
A permanent classified City Civil Service employee cannot be subjected to disciplinary action except for cause expressed in writing. The employee may appeal from such disciplinary action to the City Civil Service Commission. The Commission must decide whether the appointing authority has good or lawful cause for taking disciplinary action, and, if so, whether the punishment is commensurate with the dereliction. Barquet v. Department of Welfare, 620 So.2d 501, 505 (La.App. 4th Cir.1993). Legal cause exists whenever an employee’s conduct impairs the efficiency of the public service in which the employee is engaged. Id. The appointing authority must prove the occurrence of the activity complained of by a preponderance of the evidence and that the conduct impaired the efficient operation of the public service. Id.; see also La. Const.Art. X, § 8(A). Although facts in a Civil Service hearing must be clearly established, they need not be established beyond a reasonable doubt. Lom-bas v. Department of Police, 467 So.2d 1273, 1277 (La.App. 4th Cir.), writ denied, 470 So.2d 120 (La.1985).
The Civil Service Commission’s decision is subject to review by this Court on any question of law or fact appealed. La. Const. Art. X, § 12(B). When considering the commission’s exercise of its discretion in determining whether disciplinary action is based on legal cause and the punishment is commensurate with the infraction, a reviewing court should not reverse or modify an order unless it is arbitrary, capricious, or characterized by abuse of discretion. Walters v. Department of Police, 454 So.2d 106, 114 (La.1984). When reviewing the Commission’s findings of fact, a reviewing court should not reverse or modify a finding unless it is manifestly erroneous. Id. at 113.
At the Civil Service Commission hearing, Tommy Rigsby testified that on June 17, 1992 at approximately 10:30 p.m., he drove to a service station in New Orleans East to use a public telephone. After using the phone, he nearly backed his vehicle into Berger’s vehicle, which was also exiting the station. Winbush was a passenger in Berger’s vehicle. There was no contact between the vehicles. Neither officer was in uniform, nor were they driving a police vehicle. Rigsby drove away followed by Berger and Winbush.
Rigsby testified that when Berger and Winbush continued to follow him he feared for his safety and tried to escape at high speed. Rigsby conceded that during this chase he ran red lights and stop signs, made rapid and frequent lane changes, and sped along residential streets. When a marked police vehicle joined the pursuit, Rigsby pulled his car to the curb and exited the vehicle. He placed his hands in the air to indicate that he was unarmed. Berger parked next to the police vehicle, and Win-bush exited Berger’s vehicle and pointed a gun at Rigsby. When Winbush ordered Rigsby to “freeze” and place his hands on the car, Rigsby complied. Winbush approached Rigsby, cursed and struck him in the chest and nose. Winbush arrested and handcuffed Rigsby. Berger ticketed Rigsby for reckless driving. Rigsby was taken to the Seventh District Police Station for battery of an officer and resisting arrest. Rigsby suffered a *711 depressed nasal fracture and deviated sep-tan that required corrective surgery.
Berger testified that he and Wmbush were off duty, not in uniform, and in his personal vehicle. Berger testified that Rigsby narrowly missed backing into his ear at the service station. After leaving the service station he attempted to pass Rigsby’s car, at which time Rigsby tried to ram his vehicle. Concluding that Rigsby was driving recklessly and that he might be driving a stolen vehicle or carrying drugs, Berger signalled Rigsby to stop by flashing his headlights. When Rigsby refused to stop, Berger called for police backup on his personal car phone. After Rigsby stopped, Winbush handed Berger’s service revolver to a uniformed officer who had arrived. Berger testified that he did not see Winbush strike Rigsby.
Winbush corroborated Berger’s testimony. He admitted striking Rigsby but said he did so in self-defense after Rigsby swung at him.
Officer Jaeklean Davis of the Internal Affairs Division testified that she investigated Rigsby’s complaint against Berger and Win-bush. Davis testified that she interviewed the two uniformed officers who responded to Berger’s call for backup. Neither officer corroborated Winbush’s or Berger’s statement that Winbush surrendered Berger’s service revolver before approaching Rigsby. These officers did not testify before the Civil Service Commission.
Appellants contend that Davis’s testimony should not be considered because it is hearsay. They assert that because no competent evidence contradicted their statements, the appointing authority failed to satisfy its burden of proving the occurrence of the activity complained of by a preponderance of the evidence.
Although hearsay may be admissible in an administrative hearing, incompetent evidence will be disregarded by a court reviewing the Commission’s findings. See, e.g., Michel v. Department of Public Safety, 341 So.2d 1161, 1165 (La.App. 1st Cir.1976), writ denied, 343 So.2d 1078 (La.1977). Disregarding Officer Davis’s testimony, the hearing officer could still have found that the appointing authority carried its burden of proof from Rigsby’s testimony, which contra-dieted the testimony of Berger and Wmbush
When there is a conflict in testimony, reasonable evaluations of credibility and reasonable inferences of fact are not disturbed on review. Virgil v. American Guarantee and Liability Ins. Co., 507 So.2d 825, 825 (La.1987). When there are two permissible views of the evidence, the fact finder’s choice cannot be found manifestly erroneous. Goins v. Department of Police, 570 So.2d 93, 95 (La.App. 4th Cir.1990). The hearing officer found Rigsby’s testimony more credible than that of Berger and Winbush. We are unable to find that this credibility determination is manifestly erroneous.
Accordingly, we affirm the ruling the Civil Service Commission.

AFFIRMED.