306 So.2d 65 (1974)
Ronald S. LALLY
v.
DEPARTMENT OF POLICE.
No. 6593.
Court of Appeal of Louisiana, Fourth Circuit.
December 30, 1974.
Irwin R. Sanders, New Orleans, for appellant.
*66 Michael A. Starks, Asst. City Atty., for appellee.
Before SAMUEL, GULOTTA and SCHOTT, JJ.
SCHOTT, Judge.
Appellant, a member of the New Orleans Police Department, has appealed from a decision of the Civil Service Commission of the City of New Orleans, dismissing his appeal from disciplinary action taken by the Superintendent of Police for appellant's failure to comply with regulations relative to the possession and use of firearms and ammunition. The penalty assessed against appellant was the loss of ten days of absence with pay.
The Commission made the following findings of fact in disposing of appellant's appeal.
"1. On February 24, 1973, at 2:30 a. m., appellant, while in off-duty status, observed what he viewed as a violation of the law, and in the process of investigating the matter, he shot the suspected violator.
"2. Appellant used a .32 caliber revolver which he had in his possession, although he claimed to have his service revolver in the glove compartment of his vehicle.
"3. Appellant, in his action, was in violation of the promulgated requirements of the Department of Police in that DR 670-5 and 670-9 prohibited the use of a.32 caliber weapon and ammunition on duty or off-duty while in the performance of duty.
"4. Appellant, under even the strictest interpretation of the circumstances of this case was performing a police duty, and his use of a non-regulation weapon which he had been carrying for some eight (8) days was, in turn, in violation of any reasonable interpretation of both the spirit and intent of the departmental policies.
"5. Appellant did not follow departmental directives and orders in his conduct and he produced no extenuating reasons which would exempt him from the responsibilities he has assumed as a member of the Department of Police, and this Commission finds no cause to void the disciplinary action of the Appointing Authority."
The regulations in question provide that an officer on duty shall be armed with a.38 caliber or .357 magnum revolver having certain specified dimensions and colors, and that no guns "other than those specifically authorized ... shall be carried by officers while on duty." They further prescribe that off-duty officers "shall not be armed when engaged in recreation or activities where the carrying of a firearm would be impractical or dangerous." Finally, they prescribe that all officers "shall, while off-duty, be armed as provided [above] and except when engaged in recreation or activities when carrying of such weapon would be impractical or dangerous."
Appellant has specified error in the Commission's failure to recognize that the regulation infringes upon his right to bear arms as provided by the Constitutions of the United States and the State of Louisiana, and in the Commission's findings of fact Nos. 3, 4 and 5.
As to the appellant's reference to a violation of his constitutional rights to bear arms, it is well understood that this right is not absolute but is subject to reasonable regulations. It is further understood that a police officer by voluntarily accepting a commission and becoming an employee consents to being subject to all reasonable regulations. The regulations in question provide by their own terms that their purpose is to set forth policies on the carrying of firearms and ammunition by policemen while on and off duty and in the performance of duty. Appellant has not shown that there is anything in these regulations which makes them arbitrary or unreasonable. *67 Certainly, the Police Department has a legitimate interest in the carrying and use of firearms by its officers. The regulations do not purport to prevent officers from owning firearms other than those which they are authorized to carry and use, and they also provide that an officer may carry or use another type of weapon provided the officer received approval from the superintendent in advance. There is no showing that appellant had or attempted to secure permission for the carrying or use of the .32 caliber gun which was involved in his situation.
Appellant's complaint as to finding of fact No. 3 is to the effect that the Commission's decision "is an inappropriate and inaccurate reading and application of the [regulations]." We see no basis whatsoever for this position since the language of the regulations is clear and unequivocal. It provides authority for and restricts officers to the carrying and use of only a certain type of weapon on or off duty and appellant's weapon was of a different type. Perhaps appellant's was a technical violation, but it is not for us to question the wisdom of the regulations.
On finding of fact No. 4 appellant complains that the Commission's finding constitutes an interpretation rather than an application of the regulations. It is well within the Commission's function to interpret such a regulation in order to determine whether under the facts found by the Commission appellant has violated such regulations. We have concluded that the Commission's interpretation of such regulations was correct.
As to finding of fact No. 5, appellant argues that the Commission was in error and that the circumstances leading to the incident in question "were unexpected, unplanned, and were a sudden emergency, and that he acted almost instinctively, without stopping to decide whether or not the weapon he used was the proper weapon..." At the hearing before the Commission appellant testified along with other witnesses, and an attempt was made to show that this was an emergency situation which provided justification to appellant for the use of such unauthorized weapon. Questions were raised in this testimony as to how much time appellant actually had to make his choice of a weapon and whether the emergency was in fact so sudden that he was justified in the action taken. This fact was for the Commission to decide and such a factual determination is not ordinarily subject to a review by this Court. LSA-Const. Art. 14 § 15(O) (1); Jarrell v. Criminal Sheriff's Department, 297 So.2d 549 (La.App. 4th Cir. 1974).
Accordingly, the judgment appealed from is affirmed at appellant's cost.
Affirmed.