BOUTALL, Judge.
This is an appeal from a decision of the Civil Service Commission of the City of New Orleans upholding an order from the Superintendent of Police of New Orleans dismissing Johnny K. Latham from his employment as a police officer.
On April 28, 1979, Johnny K. Latham, a police officer of the New Orleans Police Department, was involved in an incident at Fat Harry’s bar in uptown New Orleans in the early morning hours. While off duty and in civilian clothing, Latham stopped at Fat Harry’s and sought admittance. He was barred from admittance by another off duty policeman employed by the owners upon the instructions of the operator. La-tham had previously been involved in an altercation on the premises in December, 1978 and as a result of that incident he had been suspended for 15 days and told by the Superintendent of Police not to return to that bar.
The letter of dismissal contained a number of charges which were not borne out by the evidence presented to the Civil Service Commission. However the record clearly shows that Latham did attempt to enter the bar and was only prevented by the presence of Police Officer Mayes who was working an authorized paid detail on the premises in uniform. After being refused admittance, Latham continued to stand in front of the premises until district police officers arrived and he was ordered to leave.
Generally, a public body has no authority to regulate or restrict its employee’s activities when off duty, and regulations that may attempt to do so must be reasonable and not oppressive. See for example City of Crowley Firemen v. City of Crowley, 280 So.2d 897 (La.1973); Lally v. Department of Police, 306 So.2d 65 (La.App. 4th Cir. 1974). In this case, the order was not one that applied to all policemen generally, but applied to this particular policeman as a result of his past activity. Thus it is dependent upon the particular facts in this case to determine whether the order was reasonable, and not oppressive, and whether the individual freedom of this employee may be subjected to limitations imposed upon him by the employing authority. We agree with the decision of the Civil Service Commission under the facts of this particular case.
Latham had already been in an altercation at Fat Harry’s and it was reasonable to believe that his return to the premises would result in a breach of the peace. The Superintendent’s order was directly related to the Police Department’s mission of keeping the peace and the probability that one of his own men would be involved in disturbing it. Where there is a reasonable expectation that if a police officer engages in certain conduct which may result in a probable breach of the peace, particularly when it is forseeable that the *796 officer will come into conflict with other police officers, such an order forbidding that conduct is reasonable and permissible. Appellant’s failure to obey a valid order of his superior is grounds for dismissal.
The decision of the Civil Service Commission is affirmed.

AFFIRMED.