396 So.2d 340 (1981)
Lynwood ALBERT
v.
LOUISIANA STATE PENITENTIARY.
No. 13857.
Court of Appeal of Louisiana, First Circuit.
March 2, 1981.
Jose Cortina, Baton Rouge, for appellant.
Annette R. Seng, Staff Atty., Dept. of Justice, Baton Rouge, for appellee.
Before LOTTINGER, CHIASSON, EDWARDS, PONDER and COLE, JJ.
*341 EDWARDS, Judge.
Lynwood Albert, formerly an employee of the Louisiana Department of Corrections, appeals a decision of the Louisiana State Civil Service Commission upholding his firing as a guard at Angola. We reverse.
According to findings of the Civil Service Commission, the dormitory Albert was in charge of was inspected on Monday, February 5, 1979, and found to be unclean and disorderly. Albert was instructed by his superior, Lt. Gunnels, to have things cleaned up. On Gunnels' return several hours later, no material change in the dormitory's condition had been effected. Since Albert had been suspended in March of 1978 for the same reason, the February 5, 1979, incident was deemed a repeated offense and Albert was fired effective March 8, 1979. Albert's termination was confirmed by the Civil Service Commission on April 9, 1980.
An examination of the record as a whole, in light of the law and jurisprudence, convinces us that the Civil Service Commission's decision was clearly wrong.
Counsel for the Department of Corrections urges in brief that this court "is without authority to inquire into the weight and sufficiency of evidence to support the charge." Counsel further insists that if there is any evidence to support the Civil Service Commission's findings, this court may not reverse. These contentions are absolutely incorrect.
Article 5, section 10(B) of the Louisiana Constitution of 1974 provides:
"Except as limited to questions of law by this constitution, or as provided by law in the review of administrative agency determinations, appellate jurisdiction of a court of appeal extends to law and facts."
Numerous cases hold that fact review of Civil Service Commission decisions and district court judgments is based on the same standard, manifest error. Herbert v. Department of Police, 362 So.2d 1190 (La. App. 4th Cir. 1978); Michel v. Department of Public Safety, Alcoholic Beverage Control, 341 So.2d 1161 (La.App. 1st Cir. 1976), writ denied 343 So.2d 1078 (1977). To the extent that Johnson v. Department of Finance, 354 So.2d 766 (La.App. 4th Cir. 1978), cited by the Department of Corrections, supports use of the "no evidence" standard, it is erroneous and will not be followed.
Article 10, section 8(A) of the Louisiana Constitution provides that:
"No person who has gained permanent status in the classified state or city service shall be subjected to disciplinary action except for cause expressed in writing. A classified employee subjected to such disciplinary action shall have the right of appeal to the appropriate commission. The burden of proof on appeal, as to the facts, shall be on the appointing authority."
"Cause" exists if the facts disclose that an employee's conduct impairs the efficiency of the public service. There must be a real and substantial relation between the employee's conduct and the impairment of public service or cause is not present and any disciplinary action by the Civil Service Commission is arbitrary and capricious. Hamlett v. Division of Mental Health, Louisiana Health and Human Resources Administration, 325 So.2d 696 (La.App. 1st Cir. 1976); Leggett v. Northwestern State College, 242 La. 927, 140 S.2d 5 (1962).
Initially, the Department of Corrections failed to prove even the date on which the alleged incident occurred. Albert testified that the incident occurred on Sunday, February 4, 1979, a weekend day which would make keeping the dormitory clean a more difficult task. Willie Johnson, an elderly inmate whose testimony was somewhat confusing, supported Albert on this point. Lt. Gunnels testified that the incident occurred and was reported to Captain Fulton Rabalais on February 5. No employment or work assignment records were introduced by the Department to support Lt. Gunnels testimony and, contrary to urgings of the Department, there is no more reason to find Albert's contradictory testimony "self-serving" than to find Gunnels' as unsupported and questionable.
*342 The Department also failed to prove that Albert disobeyed Gunnels' order to have the dormitory cleaned. Under normal conditions, three inmates were assigned to clean each dormitory. On the day in question, only Willie Johnson was available. Johnson had previously been medically certified for "no-duty" but had, at seventy-nine, volunteered for light-duty dormitory work. At Gunnels' order to clean the dormitory, Albert so instructed Johnson. Albert maintained that Johnson did clean the dormitory while Gunnels testified that he did not.
The Department failed to establish either that the dormitory was in fact not cleaned or that, even if it had not been properly cleaned, Albert had sufficient, able-bodied help to do so.
Since Johnson was working alone and was elderly, there was, contrary to the Department's contention, no reason for Albert to have reported him to Gunnels to be locked up for failure to do his work.
It is true that petty charges, none of which in isolation would justify dismissal, may, in the aggregate. Repeated and justified suspensions would meet such a test. Stiles v. Department of Public Safety, Drivers' License Division, 361 So.2d 267 (La. App. 1st Cir. 1978).
In the present case, hotly contested and unproven charges relating to the degree of cleanliness of a prison dormitory do not justify dismissal. Even the presence of a prior suspension for the same offense, when viewed in the context of an otherwise clear six year record of employment, cannot make the alleged offense rise to a level justifying termination.
We do not imply that prison dormitories need not be kept clean or that orders to clean them need not be obeyed. We merely hold that in this case, the Department of Corrections failed to prove the offense charged and, therefore, failed to show that Albert's actions had a real and substantial relation to an impairment of public service.
For the foregoing reasons, the Civil Service Commission decision appealed from is annulled and reversed. It is hereby ordered that Lynwood Albert be reinstated in his former position with all back pay, seniority and privileges, subject to a set-off for any wages and salaries earned in private employment during the period of illegal separation. For the express purpose of determining both the amount of set-off, if any, and the amount of costs, all of which are to be assessed against the Department of Corrections, the case is to be remanded to the Louisiana State Civil Service Commission.
REVERSED AND REMANDED.
PONDER, Judge, dissenting.
I dissent.
On contradictory testimony the Louisiana Civil Service Commission elected to believe the testimony of the defendant's witnesses rather than plaintiff's. The majority is substituting its judgment for that of the Commission. I find no manifest error in the Commission's findings.