399 So.2d 626 (1981)
Richard W. GALLARDO
v.
DEPARTMENT OF FIRE.
No. 11864.
Court of Appeal of Louisiana, Fourth Circuit.
May 15, 1981.
*627 Barker, Boudreaux, Lamy, Gardner & Foley, Louis L. Robein, Jr., New Orleans, for plaintiff-appellee.
Salvador Anzelmo, City Atty., Michael A. Starks, Asst. City Atty., New Orleans, for defendant-appellant.
Before SAMUEL, GARRISON and BAILES, JJ.
BAILES, Judge.
This appeal is by the City of New Orleans, through the Department of Fire, of the adverse judgment of the Civil Service Commission of the City. The judgment appealed reversed the determination of the appointing authority which found the appellee, Richard Gallardo, had violated Section 13.04 of the rules and Regulations of the New Orleans Fire Department and suspended him for thirty days.
Section 13:04 provides:
"OBEY LAWFUL ORDERS: Members shall obey all lawful orders and directions given by Superior Officers. Such obedience shall be prompt and willing."
The jurisdiction of this court to hear this appeal is based on Article X, Section 12 of the Louisiana Constitution (1974), which in part states:
"Section 12. * * * The decision of a commission shall be subject to review on any question of law or fact upon appeal to the court of appeal wherein the commission is located, upon application filed with the commission within thirty calendar days after its decision becomes final."
In Armant v. Housing Authority of New Orleans, New Orleans, Louisiana, 351 So.2d 1262 (La.App. 1st Cir. 1977) the court stated:
"(1) Civil Service Commission decisions are reviewable on appeal to this court on both law and fact. Art. 10, § 12, La.Const. (1974). The scope of review is the same as that accorded appeals from the Trial Courts. Art. 5, § 12, La.Const. (1974). * * *
We hold that the fact findings of the Civil Service Commission are to be accorded the same efficacy as a finding of fact made by a trial court. The often quoted jurisprudential directive of appellate review found in Canter v. Koehring Company, 283 So.2d 716 (La.1973), page 724, appears appropriate here:
"(8, 9) Where there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court's finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. Stated another way, the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluation and inferences are as reasonable. The reason for this well-settled principle of review is based not only upon the trial court's better capacity to evaluate live witnesses (as compared with the appellate court's access only to a cold record), but also upon the proper allocation of trial and appellate functions between the respective courts."
Although not set out in its brief as specifications of error, appellant's contention is that the Civil Service Commission committed two errors which require a reversal of its decision. Specifically it contends: (1) The Department of Fire proved that appellee, Richard Gallardo, was on duty when the fire alarm came in; and (2) that appellee disobeyed a direct order. Both of these contentions embody findings of fact which the Commission resolved adverse to the appointing authority. In order to effect a reversal both fact findings must be turned around.
*628 In response to the appeal from the appointing authority's suspension of appellee, the Civil Service Commission appointed an examiner who conducted an evidentiary hearing on January 7, 1980, at which time the record herein was made. Testimony of witnesses for both parties was recorded, transcribed and considered by the Commission. The appointed authority presented testimony of Captain Alphonse J. Arnone, Captain Ronald P. Nunez and Superintendent of Fire, William J. McCrossen. The appellee presented his own testimony and that of Captain John Foley.
The crux of the issue herein appears to be the resolution of the question of whether Captain Arnone gave the appellee an order, and if so, was the order disobeyed. However, the threshold question is, was the appellee on duty at the time? It appears that Captain Arnone said to the appellee when the roll was made, "Let's go, Richard." It appears equally certain that acting operator Ward Breaux had not been relieved by the appellee. Although acting operator Breaux did not testify at the hearing conducted by the Commission examiner, he did testify before the Board of Internal Affairs (the administrative hearing) that he (Breaux) considered himself still on duty.
Apparently the Commission concluded, as do we, that there was a misunderstanding on the part of Captain Arnone as to whether appellee was on duty at the time the roll was made at 6:35 a. m. on the date in question. It is clearly shown by the record that acting operator Breaux, without question or hesitation, responded to the roll. Doubtlessly, Captain Arnone, in good faith, thought the appellee was on duty when he said "Let's go, Richard", and he should have realized that appellee, who was not a member of his shift, had not relieved acting operator Breaux when the latter responded to the roll.
There is a clear lack of unanimity in the procedure of one fire fighter relieving another fire fighter. For instance, one opinion is that the relief is effected upon the relieving fire fighter crossing the threshold of the firehouse; another is that one contacts the member to be relieved and especially in the case of an operator, there is the verbal contact between them at which time the relieved operator advises the relieving operator of what activity took place during the preceding 24 hours, whether the pump was operated, what equipment, including ladders, was used, and whether the air masks were used. Then there is found this provision in the Rules and Regulations of the Fire Department, Section 10:04:
"REMAINING ON DUTY UNTIL PROPERLY RELIEVED:
Members shall remain at their place of assignment until properly relieved by another member and officially dismissed by a superior officer. Members shall take leave from their duties only when authorized by their company commander."
There is a credibility call on the testimony of Captain Arnone who stated under oath that he ordered the appellee on three separate commands to make the roll. Another witness, Captain Foley, testified that Captain Arnone subsequently made the statement in his presence that he (Captain Arnone) believed that had he given Operator Richard Gallardo a direct order he (Richard Gallardo) would have made the roll.
The pertinent part of the Commission's ruling is here quoted:
"The testimony reveals that appellant arrived at the Fire Station at approximately 6:15 a. m. His official tour of duty commences at 7:00 a. m. At approximately 6:35 a. m. an alarm came in. Appellant did not respond to the call because he did not feel he was on duty yet.
"The Appointing Authority contends that appellant was on duty at the time of the alarm and refused to obey a lawful order of his superior. With respect to the question of `being on duty' there was testimony to the effect that when a Fire Fighter or Operator enters the station he is considered as having relieved the person from the previous platoon. There was also testimony that `relieving' procedures are based upon mutual agreement. Finally, the Rules and Regulations of the *629 New Orleans Fire Department provide that:
"REMAINING ON DUTY UNTIL PROPERLY RELIEVED:
Members shall remain at their place of assignment until properly relieved by another member and officially dismissed by a superior officer. Members shall take leave from their duties only when authorized by their company commander.
"The Commission feels that the evidence did not sufficiently establish that appellant's predecessor had been relieved and that appellant was on duty.
"With regard to the question of an order, the Appointing Authority contends that Captain A. J. Arnone ordered Gallardo to respond to the call and that he refused to obey this lawful order of his superior. However, the testimony at the hearing does not support this allegation. Captain Arnone first testified that he ordered appellant to answer the call, but later when questioned, testified to the effect that he may not have given appellant a direct order. In view of this statement we feel that the Appointing Authority failed to establish that appellant refused to obey an order. Consequently appellant should not have been disciplined.
"It must be pointed out that we are not talking here about a question of life or death in the sense that if appellant did not respond there would be no one to handle the call. We are merely talking about which of two men, who are drinking coffee, is responsible to answer. For these reasons the appeal is upheld."
There is a conflict in the testimony of the witnesses who appeared for the appointing authority and those of the appellee on both issues of this appeal. Giving effect to the mandate of the Supreme Court in Canter v. Koehring Company, supra, we are not at liberty to make a finding of fact the result of which would necessitate a different result unless it appears the trier of fact committed manifest error. We find the factual conclusions of the Commission are neither unreasonable evaluations of credibility nor unreasonable inferences of fact. There appear credible facts in the record to support the judgment of the Commission.
For these reasons the judgment appealed is affirmed.
AFFIRMED.