CHIASSON, Judge.
By letter dated March 27,1980, appellant, Creasie Mae Smith, was terminated from her position as a Food Service Worker III at Greenwell Springs Hospital. Subsequently, appellant appealed her dismissal to the Louisiana Civil Service Commission. On October 8, 1980, a hearing was held before an appeal referee. In due course, the Commission issued a decision affirming appellant’s dismissal. Appellant then appealed to this court, seeking judicial review of the Commission’s decision.
On March 14, 1980, appellant was employed by the Department of Health and Human Resources (DHHR) as a Food Service Worker III at Greenwell Springs Hospital. Pursuant to her employment, appellant worked in the dining-kitchen area of the hospital. This area was comprised of two rooms, the kitchen and the dining room, separated by two doors.
On March 14,1980, at about 6:00 a. m., an argument occurred between appellant and a fellow kitchen employee, Mabel Clark. The argument began in the dining room, when appellant intervened in a conversation that Ms. Clark was having and chastised her for knowing everybody’s business. After appellant’s intrusion, Ms. Clark began walking to the kitchen. Appellant followed her and appellant and Ms. Clark continued arguing.
After reaching the kitchen appellant asked Ms. Clark if she wanted to “whip her ass” as an invitation to a physical confrontation. Ms. Clark accepted the invitation, proceeding to push appellant to the floor and pin her there. After approximately two minutes Ms. Clark released appellant and began to walk away from their encounter.
Then appellant clutched a small kitchen knife from an adjacent table and began menacingly to pursue Ms. Clark around the table.[1] At one point during her chase, appellant threw a can at Ms. Clark. Ms. Clark picked up a pitcher and threatened to throw it at appellant. This threat seemed to unnerve appellant and the incident came to an end without harm to either party.
Approximately two weeks later, DHHR sent a letter to appellant confirming an orally imposed two-week suspension and notifying her of her termination, effective at the end of her suspension. Appellant’s previously-described encounter combined with numerous earlier reprimands were given as reasons for her termination. Disciplinary action against Ms. Clark was limited to a two-week suspension.
The Civil Service Commission affirmed this action on appeal, finding Ms. Clark to have been guilty of the conduct described above.
Appellant contends the facts do not show a sufficiently grave offense to warrant her dismissal, and that as Ms. Clark was merely suspended, the same less severe punishment should have been meted out to her.
Review of the Civil Service Commission’s findings is the same as in any other civil case, i.e., whether or not a review of the entire record reveals any manifest error. Albert v. Louisiana State Penitentiary, 396 So.2d 340 (La.App. 1st Cir. 1981); and Brown v. L.H.H.R.A., 346 So.2d 758 (La. App. 1st Cir. 1977). Appellant does not seem to question the findings of the Civil Service Commission, and, in the instant case, the findings of fact contained in the Commission’s opinion are eminently supported by the record.
Appellant’s primary contention is that the incident was so minor as not to warrant her dismissal. Appellant also’ contends that, even if the matter was serious, she should not have been terminated, since Ms. Clark was not terminated.
The record hardly supports appellant’s contention that the incident was minor. On the contrary, pursuing a fellow employee while armed with a knife would seem to be a most serious offense. This court has held that an employee is discharged for cause if his conduct impaired the efficiency of a public service and bore a *413 real and substantial relationship to the efficient and orderly operation of that public service. Sanders v. Department of Health and Human Resources, 394 So.2d 629 (La.App. 1st Cir. 1980), writ denied 399 So.2d 602 (1981). Appellant’s behavior in the instant case certainly seems to meet those criteria.
While the pertinence of the disciplinary treatment to this case is highly questionable, the variance in punishments can be easily reconciled. The obvious distinction between the actions of appellant and Ms. Clark is that appellant chose to arm herself with a dangerous weapon, while Ms. Clark did not.
A second reason for the higher degree of punishment meted out to appellant is probably her past record of occupational conduct.[2] It is well established that, while any of several minor charges against an employee, when viewed in isolation, might not justify his dismissal, the aggregation of those charges could be sufficient cause for his termination. Albert v. Louisiana State Penitentiary, supra; and Stiles v. Department of Public Safety, Drivers’ License Division, 361 So.2d 267 (La.App. 1st Cir. 1978). Hence, even if appellant’s culpability in the most recent incident had been equivalent to that of Ms. Clark’s misconduct, her past record in itself calls for the difference in treatment.
Hence, the ruling of the Civil Service Commission is affirmed, at appellant’s cost.
AFFIRMED.

. Appellant denies that she held the knife while chasing Ms. Clark; however, all other witnesses with personal knowledge of the incident contradicted her testimony in that respect.

. Ms. Smith’s past disciplinary record, the accuracy and fairness of which Ms. Smith does not challenge, which we take from the letter of termination addressed to her by the Department of Health and Human Resources, is as follows:
“(1) 3-3-80 Oral reprimand — Eating lunch without paying
(2) 2-13-80 Failure to report for duty and failure to notify supervisor
(3) 1-18-80 Oral reprimand — time and attendance
(4) 10-5-79 Oral counseling a) not following proper sign-in procedure b) cursing in the kitchen
(5) 9-18-79 Oral counseling in appropriate behavior
(6) 6-27-79 Written reprimand — tardiness
(7) 5-23-70 Written reprimand for: late taking (food) serving cart to ward
(8) 5-16-79 Oral reprimand — not following diet menu
(9) 2-1-79 Suspension — 3 days — failure to report for duty and failure to notify supervisor”