415 So.2d 543 (1982)
Damon L. WILLIAMS
v.
DEPARTMENT OF PUBLIC SAFETY, OFFICE OF STATE POLICE.
Nos. 14882, 14883.
Court of Appeal of Louisiana, First Circuit.
May 25, 1982.
Raymond L. Cannon, Tallulah, for appellant.
James C. Dixon, Staff Atty., Baton Rouge, for appellee.
Laura Denson Holmes, Civ. Service Legal Counsel, Baton Rouge, for George Hamner, Director, Dept. of State Civ. Service.
Before LOTTINGER, EDWARDS and SHORTESS, JJ.
*544 SHORTESS, Judge.
Damon L. Williams, Trooper First Class, Louisiana State Police, with permanent status, appeals the decision of the Louisiana Civil Service Commission, upholding disciplinary measures taken against him by the Department of Public Safety.
By letter dated December 17, 1979, appellant was notified that he was being suspended from duty for a period of fifteen (15) calendar days, effective January 15 through February 2, 1980. The letter was signed by Grover W. Garrison, Deputy Secretary of the Department of Public Safety, and cited an incident which occurred on October 21, 1979, as the basis for the suspension.
The incident began at approximately 4:00 p. m. when appellant was patrolling near Lake Providence, Louisiana, and observed a speeding violation. Trooper John L. Jones was accompanying appellant, as appellant was acting as Jones' training officer. Although appellant turned on his flashing lights, the offender, who was driving a pick-up truck, did not stop. Appellant then engaged his siren and gave chase but lost the pick-up truck which turned onto a dirt road. Shortly thereafter, appellant found the truck and the chase continued. Ultimately, the pursuit covered several miles, including 5.4 miles into the State of Arkansas, and involved excessive speeds, at times over 100 miles per hour. The chase halted abruptly inside the State of Arkansas on a gravel road when appellant's unit collided with the rear of the offender's vehicle. Despite the collision, the offender sped away from the scene, as appellant fired shots at the tires of the fleeing vehicle in an attempt to stop it.
After an investigation, appellant was charged with violating certain procedural orders of the Office of the State Police relating to: (1) the appropriate action to be taken by police officers when required to chase violators, (2) chases entailing misdemeanors and crossing of State lines, and (3) situations requiring the discharge of a firearm.
By letter dated May 28, 1980, appellant was further notified that he was suspended from duty for an additional three days and was to lose the off-duty use of his State Police vehicle for a period of twenty days, both periods to begin June 14, 1980. The Fleet Accident Review Board, a division of the Department of Public Safety, recommended the additional suspension, which was more specifically directed to appellant's actions in causing the rear-end collision.
Appellant filed appeals to the Louisiana State Civil Service Commission on both the 20-day loss of off-duty use of the State Police vehicle, and the two suspensions, claiming these disciplinary measures were unjustified. After considering the evidence, the Commission found that the actions of the Department of Public Safety were reasonable and denied appellant's appeal.
Appellant argues that the decision of the Commission is not supported by the law or the evidence. Specifically, he alleges as error the Commission's finding that he was negligent when his unit struck the rear of the offender's vehicle, and that he violated certain procedural orders in pursuing the offender and discharging his firearm.
The decisions of the Commission are subject to review on any question of law or fact. La.Const. (1974), Art. 10, § 12; Gallardo v. Department of Fire, 399 So.2d 626 (La.App. 4th Cir. 1981); Dundy v. Louisiana State University, etc., 394 So.2d 650 (La.App. 1st Cir. 1980); Sanders v. Dept. of Health & Human Resources, 394 So.2d 629 (La.App. 1st Cir. 1980) writ denied 399 So.2d 602 (La.1981). It is well established that the standard of review in cases on appeal from the Commission is the same standard used in reviewing decisions from the trial courts. The factual determinations of the Commission will not be set aside unless they are shown to be manifestly erroneous. Department of Public Safety v. Rigby, 401 So.2d 1017 (La.App. 1st Cir. 1981) writ denied 406 So.2d 626 (La.1981); Gallardo, supra; Albert v. Louisiana State Penitentiary, 396 So.2d 340 (La.App. 1st Cir. 1981); Michel v. Department of Public *545 Safety, Alcoholic Beverage Control Board, 341 So.2d 1161 (La.App. 1st Cir. 1976) writ refused 343 So.2d 1078 (La.1977). Thus, great weight is given to the factual conclusions of the trier of fact. Sanders, supra; Arnold v. New Orleans Police Dept., 383 So.2d 810 (La.App. 4th Cir. 1980) writ denied 385 So.2d 274 (La.1980); Hebert v. Dept. of Police, 362 So.2d 1190 (La.App. 4th Cir. 1978).
Consideration of the evidence produced at the appellant's hearing led the Commission to make the following findings of fact:
Appellant observed a traffic violator proceeding at 68 mph in a 55 mph zone. Appellant put on his red light and gave chase. The violator attempted to evade.
Appellant lost contact with the violator and turned off his siren and light, on the Mason front road. However he again saw the violator and again put on his lights and siren and resumed the chase.
At one point during the chase, appellant reached speeds of 100 mph.
Appellant pursued the violator into the state of Arkansas.
After pursuing the traffic violator for a distance of approximately 5.4 miles into the state of Arkansas, the chase concluded on a gravel road when appellant's vehicle struck the rear of the violator's vehicle and became immobile.
As appellant attempted to exit his vehicle it rolled into a ditch.
After exhiting (sic) his vehicle appellant fired shots at the vehicle of the fleeing violator, without avail.
The police unit operated by the appellant was seriously damaged as a result of the rear end collision with the violator's vehicle and as a further result of going into a ditch.
Appellant was aware of all procedural orders regarding pursuit across state lines and regarding firing of a weapon.
The only offense that appellant had seen at the out-set of the chase was a traffic violation.
The violator was found to have been under the influence of alcohol.
Trooper John L. Jones, Troop F, Monroe, Louisiana, was present in the vehicle during the chase, since appellant was acting as his training officer.
Appellant's own testimony at the hearing substantiates these findings of fact. He testified that part of the high-speed chase occurred on a bad road with many curves; that other vehicles ran off the road to avoid being hit; that Trooper Jones suggested stopping the chase; that speeds of over 100 miles per hour were required at times to maintain the chase; and that although he suspected that the offender was a felon, the only crimes he ever actually saw committed were traffic violations. Furthermore, plaintiff admitted following two or three car lengths behind the violator at 45-50 miles per hour on a dusty gravel road in Arkansas; that when the violator came upon a bean truck in the road which he could not pass, he applied his brakes and collided into the rear of the offender's vehicle; that when he exited his vehicle to fire shots at the fleeing vehicle, he failed to put his unit in park and his car rolled into a ditch and was extensively damaged.
In Lally v. Department of Police, 306 So.2d 65 (La.App. 4th Cir. 1974), the Fourth Circuit stated:
It is further understood that a police officer by voluntarily accepting a commission and becoming an employee consents to being subject to all reasonable regulations.
306 So.2d at 66.
The Department of Public Safety based its disciplinary measures on alleged violations of certain procedural orders. Those we feel particularly pertinent read in part as follows:
Procedural Order Number 404.1, Section II, Part B:
In chasing violators, troopers are not expected to take undue chances and should not consider the situation a "personal challenge" to stop the violator. When the violator begins to seriously endanger the lives of innocent persons upon the highway by passing on curves or in the face of oncoming traffic, the trooper *546 should discontinue the pursuit unless: (1) the violator is a felon who has committed a crime which endangered life; or (2) the actions of the violator are such that the trooper reasonably believes that his continued freedom would seriously jeapordize the lives of other motorists. In all cases of pursuit, officers will notify Troop HQs or other law enforcement agency giving details and direction of pursuit. Procedural Order Number 416.1, Section VII, Paragraph B(2):
An officer shall not fire upon or as a warning to, a person who has been ordered to halt because of a mere suspicion and who, without making any resistance, simply runs away to avoid arrest.
Procedural Order Number 307.1(A),
... a driver is Negligent when that driver operates a vehicle without conscious regard to circumstances that are contributory to accidents and otherwise lacks care and diligence in the safe operation of the vehicle without realization of potential danger.
Our review of the record, particularly appellant's own admissions, leads us to conclude that there is ample evidence to support the Commission's findings of fact and its decision, which affirmed the disciplinary measures. Although we do not in any way sanction the actions of the violator, it appears that the danger to motorists created by the high-speed chase and the subsequent rear-end collision, could have been completely avoided or at least minimized by appellant. Absent more sufficient proof of suspected criminal activities, appellant had a responsibility to use better judgment.
A person who has gained permanent status in the classified State service may be subject to disciplinary action if the conduct complained of by the appointing authority impairs the efficiency of the public service and bears a real and substantial relation to the efficient and orderly operation of the public service in which the employee is engaged. Department of Public Safety v. Rigby, supra; Albert v. Louisiana State Penitentiary, supra. Our review of the record reveals that the Department of Public Safety adequately established that appellant's actions fell within this type of proscribed conduct.
For the foregoing reasons, we affirm the decision of the Commission. All costs are assessed to appellant.
AFFIRMED.