REHEARING
A rehearing was granted in this matter, limited solely to the issue of this court’s authority to establish Mr. Carleton’s rate of pay on review of the Commission’s actions. Although additional time was granted for the submission of briefs on this issue, none were filed. Accordingly, we decide this issue on the record as previously submitted.
In its application for rehearing, the State Civil Service Commission stated that its authority in adopting a uniform pay and classification plan for classified employees stemmed from Article X, Section 10(A) of the Louisiana Constitution of 1974. Further, the Commission avers that the power granted by this constitutional provision is exclusive with it. Citations omitted. We find these assertions are not in conflict with our original opinion. However, in granting this hearing,, our purpose was to allow the Commission an opportunity to support its position of pay rate determination exclusivity. Simply stated, the issue is whether this court, on appeal, has authority to determine Mr. Carleton’s rate of pay when the entire record is before us or is such determination solely within the authority of the Commission, such that a remand to the Commission is required.
Review of Civil Service Commission’s findings is the same as any other civil case, i.e., whether or not a review of the entire record reveals any manifest error. Smith v. Department of Health and Human Resources, Greenwell Springs Hospital, 408 So.2d 411, 412 (La.App. 1st Cir.1981). Fur *673 ther, our Supreme Court in Gonzales v. Xerox Corporation, 320 So.2d 163 (La.1975) held that:
“When the entire record is before the appellate court, remand for new trial produces delay of the final outcome and congestion of crowded dockets while adding little to the judicial determination process. Although the appellate court does not gain the benefit of personally viewing the witnesses, it does have a complete record and the constitutional authority to decide.
“Substantial deviation from the rule that appellate tribunals with complete records before them review facts and render decisions has been infrequent.”
Alternatively stated, appellate courts may decide the matter at hand when they have all the facts before them in the exercise of judicial economy.
Applying this standard to the matter sub judice, we hold that our action in fixing Mr. Carleton’s salary as per our original decision is correct. Accordingly, our original opinion is affirmed.
For the foregoing reasons, denial of appellant’s appeal is reversed. It is ordered that there be judgment in favor of appellant, Hugh M. Carleton, fixing his starting salary as Director of State Purchasing at $2,057.00 per month as of March 15, 1979. It is further ordered that appellant be awarded all pay increases for which he would have been eligible had he been a classified employee on March 15,1979, with a salary of $2,057.00 per month. (Civil Service Rule 6.28). All pay increases are to be based on appellant’s tenure with the state as of May 9, 1977.
All costs for which it is liable on both the original appeal and the rehearing are to be borne by the Department of Civil Service.
REVERSED AND RENDERED.