CIACCIO, Judge,
dissenting.
The majority finds that Mr. Ziegler was not permanently disabled, and therefore concludes that his dismissal was improper. This is the wrong test, the correct one being the inability of the employee to perform the duties of his position. Civil Service Rule IX provides in part, that “when any regular employee in the classified service is unable or unwilling to perform the duties of his position ...” the appointing authority shall take action warranted by the circumstances to maintain the standard of effective service.
The grounds for plaintiff’s dismissal was the June 26,1981 letter from Dr. Jack Ruli which indicated that Mr. Ziegler be considered totally and permanently disabled from performing fire duties based upon the diagnosis of severe alcoholism which had caused him to have a seizure problem, abnormal brain findings and liver disease. The Civil Service Commission upheld the dismissal, after finding that “At the time the appellant was dismissed, it is clear that cause existed.” The record fully supports this finding.
The fact findings of the Civil Service Commission are to be accorded the same efficacy as a finding of fact made by a trial court. Gallardo v. Department of Fire, 399 So.2d 626 (La.App., 4th Cir., 1981). The appellate court is not at liberty to make findings of fact the effect of which would necessitate a different result, unless it appears that the trier of fact committed manifest error. Gallardo v. Department of Fire, supra. Arceneaux v. Domingue, 365 So.2d 1330 (La., 1978), Canter v. Koehring Co., 283 So.2d 716, (La., 1973).
The Commission, in its opinion, stated: “The precise issue is therefore the propriety of the position taken by the Appointing Authority that appellant should be given no further opportunity to resolve his problem with alcoholism while in the employ of the Fire Department. The evidence is uncontradicted that the Department had cooperated with appellant for a number of years, at least since 1977, in dealing with alcoholism. This is therefore not a case of an insensitive and uncaring employer refusing assistance to its employee. Despite these earlier efforts, at the time of his dismissal appellant was still drinking and continued to do so until August, 1981.”
Under these circumstances, this Court should not substitute its opinion for that of the Superintendent, and should not require the Fire Department to reinstate the appellant and to undertake further rehabilitative efforts which have no guarantee of success, at a risk to the well being of the employee himself, his fellow employees and the public. Further, the right to reinstate such a discharged employee is reserved to the appointing authority, with the approval of the Commission. C.S.C., Rule VI, § 4.6.
Although the opinion indicates that Mr. Ziegler returned to work in May, 1981, this is incorrect as he was on sick leave at the time of his dismissal. He had not stopped drinking as of this date and, by his own testimony, did not seek help until August of 1981, several weeks after his discharge. The plaintiff’s condition after the date of his dismissal should not be considered by this Court, and it is clearly wrong for this Court to vacate the dismissal on the basis of subsequent events.
Moreover, I further disagree with that portion of the majority opinion which would allow the plaintiff to use accumulated statutory sick leave to recover.
*315 The applicable statutory provision dictates the following conditions concerning the accumulation of sick leave:
Louisiana Revised Statute, Title 33 Section 1995:
Every fireman in the employ of a municipality, parish or fire protection district to which this Sub-part applies, shall be entitled to full pay during sickness or incapacity not brought about by his own negligence or culpable indiscretion for a period of not less than fifty-two weeks. As amended Acts 1962, No. 132, § 1. (Emphasis Supplied)
It is my opinion that the plaintiffs condition was a direct result of his own “culpable indiscretion” which precludes him from claiming the benefits of R.S. 33:1995.
Appellant admits to drinking heavily since the age of fourteen. Although he has served satisfactorily in the New Orleans Fire Department for nearly seventeen years and no evidence was presented that he ever drank on duty, his drinking problem had grown progressively worse in recent years, to the point where he occasionally suffered short seizures or black-outs, one of which occurred while on duty. On several occasions the Fire Department’s physician, Dr. Ruli, examined appellant and detected various physical abnormalities attributable to his alcoholism. Appellant participated in various alcoholism treatment programs over a period of time but prior to March, 1981 had not been successful in controlling his condition.
Appellant’s failure to control his drinking habit and his failure to cooperate with prior rehabilitation efforts amounts to “culpable indiscretion.”
The majority recognized that Ziegler was suffering from the effects of alcoholism which prevented him from performing his duties but orders that he be credited with statutory sick leave. This is an admission that the cause for his dismissal, i.e., his inability to perform his duties, was present, but this Court then substitutes its judgment for that of the Superintendent, an action we prohibited the Civil Service Commission from doing in the case of Branighan v. Department of Police, 362 So.2d, 1221 (La. App., 4th Cir.1978)’ This is clearly wrong.
For the stated reasons, I would affirm the decision of the Civil Service Commission, which upheld plaintiff’s dismissal.
I respectfully dissent.