ALFORD, Judge.
Appellant, Glynda Chism, was employed in 1957 by Northwestern State University as an Account Clerk I. In 1968, she was classified as Account Clerk II and served in that capacity until 1974, at which time she received the classification of Accountant I. On May 3, 1982, following an audit conducted by the Department of State Civil Service, she was promoted from Accountant I to Accountant II and was assigned to perform the duties of her former Accountant I position as well as the duties of her Accountant II position. On May 11, 1982, appellant’s former Accountant I position was reallocated to Accountant III and was subsequently posted as a vacant position.
Appellant applied for the Accountant III position on May 18, 1982, and her application was denied on May 28, 1982. She was notified of the denial by letter from Dean Morris S. Bass dated May 28, 1982. Appellant claimed that she was denied the position of Accountant III because of allegations regarding her education, experience and personality.
On June 28, 1982, appellant filed a Request for Appeal. A hearing was held before the Civil Service Commission Referee on May 25, 1983. A decision denying the appeal was rendered on August 5,1983. From this decision, appellant perfected her application for review to the Commission. On November 23, 1983, the Commission rendered its decision denying appellant’s application for review and affirming the decision of the referee. It is from this adverse decision that appellant has appealed to this court.
Plaintiff-appellant has alleged two specifications of error, namely:
(1) The referee erred in considering testimony by representatives of the appointing authority which testimony related to matters outside the scope of the grounds submitted in writing on May 28, 1982.
(2) The referee committed error in finding that the appointing authority’s decision in this case was motivated by the need for the efficient operation of the Comptroller’s Office.
With regard to her first specification of error, appellant cites Civil Service Rule 13.19(m). However, this rule does not apply to situations wherein discrimination is alleged and the burden of proof is shifted to the appellant. In such instances, Civil Service Rule 13.19(r) allows the appointing authority to rebut any proof offered by the appellant employee. The Referee’s decision correctly recognized that Rule 13.19(m) is not construed to limit what the appointing authority may present to rebut a prima facie showing of discrimination.
To reach a conclusion other than that of the Referee would allow an employee to *20 make any allegations of discrimination and deny the employer the opportunity to defend itself, rebut the allegations, or offer proof showing the reasonableness of its actions. This specification is without merit.
The appellant’s second specification of error is equally without merit. Where an employee alleges that he has been discriminated against by the agency, the employee is to bear the burden of proving such discrimination. La. Const, art. X, § 8; Sanders v. Dept. of Health and Human Resources, 394 So.2d 629 (La.App. 1st Cir. 1981), writ denied, 399 So.2d 602 (La.1981).
Appellant alleges that she has “been discriminated against because of unfounded accusations against my educational background and personality.” Clearly, when such allegations are made, the appellant must demonstrate specific acts or instances which prove that he has been the victim of discrimination for some non-merit factor. The Referee found that the appellant “failed to sustain the burden of proving that the appointing authority discriminated against her....” Great weight is to be given to such findings of fact by the Civil Service Commission. Williams v. Dept. of Public Safety, Etc., 415 So.2d 543 (La.App. 1st Cir.1982).
For the above and foregoing reasons, the decision of the Referee and the Civil Service Commission are affirmed at appellant’s costs.
AFFIRMED.