Dear Major Landry:
This office is in receipt of your opinion request concerning the authority extended private citizens by virtue of the issuance of "commission cards" by local law enforcement agencies.
We find no statutory definition of the phrase "commission card" and no specific authority for the issuance of such a card. Thus, the card itself cannot bestow arrest authority upon a person who has not otherwise met the requirements of law as a commissioned law enforcement officer.
It is axiomatic that a private citizen does not have the same authority as a law enforcement officer. In Louisiana, the term "law enforcement officer" is synonymous with "peace officer" which is defined under LSA-R.S. 40:2402 (1)(a) as follows:
 (1)(a) "Peace officer" means any full-time employee of the state, a municipality, a sheriff, or other public agency, whose permanent duties actually include the making of arrests, the performing of searches and seizures, of the execution of criminal warrants, and is responsible for the prevention or detection of crime or for the enforcement of the penal, traffic, or highway laws of this state, but not including any elected or appointed head of a law enforcement department.
 (b) "Peace officer" shall also include those sheriff's deputies whose duties include the care, custody, and control of inmates.
Further, a peace officer must meet certification requirements in order to exercise his authority as provided in LSA-R.S.40:2405(A):
 A. Notwithstanding any other provisions of law to the contrary, any person who begins employment as a peace officer in Louisiana subsequent to January 1, 1986, must successfully complete a certified training program approved by the council and successfully pass a council-approved comprehensive examination within one calendar year from the date of initial employment. Failure to comply with this requirement will be grounds for the council to seek an injunction prohibiting such an individual from exercising the authority of a peace officer. (Emphasis Added).
Concerning the powers of arrest, note that a peace officer may, without a warrant, arrest a person in certain instances, pursuant to LSA-C.Cr.P. Art. 213, providing:
Art. 213. Arrest by officer without warrant; when lawful
 A peace officer may, without a warrant, arrest a person when:
 (1) The person to be arrested has committed an offense in his presence; and if the arrest is for a misdemeanor, it must be made immediately or on close pursuit;
 (2) The person to be arrested has committed a felony, although not in the presence of the officer;
 (3) The peace officer has reasonable cause to believe that the person to be arrested has committed an offense, although not in the presence of the officer; or
 (4) The peace officer has received positive and reliable information that another peace officer from this state holds an arrest warrant, or a peace officer of another state or the United States holds an arrest warrant for a felony offense.
 A peace officer in close pursuit of a person to be arrested, who is making an arrest pursuant to this Article may enter another jurisdiction in this state and make the arrest.
In contrast, an auxiliary police officer has the same authority as an ordinary peace officer, only while functioning as an agency's representative. LSA-R.S. 33:2201(10) provides, in pertinent part:
 (10) . . . . . . a reserve or auxiliary law enforcement officer shall be defined as a volunteer, non-regular, sworn member of a law enforcement agency who serves with or without compensation and has regular police powers while functioning as an agency's representative, and who participates on a regular basis in agency activities including, but not limited to those pertaining to crime prevention or control, and the preservation of the peace and enforcement of the law. (Emphasis added).
In further contrast, a private citizen has limited arrest powers as indicated in LSA-C.Cr.P. Art. 214:
Art. 214. Arrest by private person; when lawful
 A private person may make an arrest when the person arrested has committed a felony, whether in or out of his presence.
Regarding concealed firearms, note that a person vested with police power may carry a concealed weapon in the following instance:
 The provisions of this section except paragraph 4 of sub-section A shall not apply to sheriffs and their deputies, state and city police, constables and town marshals, or persons vested with police power when in the actual discharge of official duties or, if not actually discharging official duties, when such sheriffs and their deputies and state and city police are full-time, active, and certified by the Council on Peace Officer Standards and Training and have on their persons valid identification as duly commissioned law enforcement officers. See LSA-R.S. 14:95(G).
The courts have recognized the wide latitude given to police departments, sheriff's offices, and other law enforcement agencies in making their own reasonable regulations, including the carrying of firearms and ammunition by police officers while on and off duty. Lally v. Department of Police,306 So.2d 65 (4th Cir. 1974). State statutes regulate the possession of firearms by state police officers, agents, or employees (LSA-R.S.40:1382) and by university and college police officers (LSA-R.S. 17:1805). Further in this regard, note that this office has consistently been of the opinion that part-time and auxiliary law enforcement officers, who have completed training as peace officers, may carry concealed firearms only when "in actual discharge of official duties" subject to the regulations of the law enforcement agencies with which they are affiliated. See Opinions 79-1212, 93-785, 93-826. Note also that individuals may be issued a concealed handgun permit in limited instances, as contemplated by LSA-R.S. 40:1379.1, LSA-R.S. 40:1379.2, and LSA-R.S.40:1379.3. Because of the length of these statutes, we do not requote them in entirety here, but enclose copies of the law for your further review.
The statutory authority quoted above clearly dictates that an individual must meet certification requirements within a certain time in order to be vested with police power. An individual who is not a sheriff, deputy sheriff, state or city police officer, constable, town marshal, or auxiliary law enforcement officer functioning as a law enforcement agency's agent, does not have police authority, notwithstanding the fact that a commission card may have been issued to him which purports to convey such authority.
Therefore, it is the opinion of this office that there is no statutory authority for a law enforcement agency to issue "commission cards" to any individual and thereby vest that person with either arrest powers or authority to carry concealed weapons.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams