Dear Mr. Kleinschmidt:
As general counsel for the Airport District No. 1 of Calcasieu Parish, you ask questions regarding the establishment of an internal police force for the protection of patrons and property located at Lake Charles Regional Airport. We restate your questions below.
 1. Does R.S. 2:326(C) grant Airport District No. 1 the authority to establish an airport police force?
Airport District No. 1 of Calcasieu Parish was created pursuant to the provisions of law governing airport district, R.S. 2:311, et seq. The airport district is governed by a board of commissioners who "shall serve at the will of the governing bodies of the respective parishes appointing such commissioners." See R.S. 2:321. Further, R.S. 2:326
defines the authority of the airport district and states:
§ 326. Authority of airport district
 A. An airport district is a public corporation and has all powers of public corporations including the right and power to incur debt and contract obligations, to sue and be sued, to have a corporate seal, and to perform in its corporate capacity and in its corporate name all acts necessary and proper for the purpose of acquiring, constructing, maintaining, and operating airports and airport facilities, including both movable and immovable property.
 B. An airport district may expropriate property for the purpose of acquiring the necessary land and rights of way for the construction of airports and for the construction of roads, drains, or other facilities necessary or incidental to the construction and operation of airports. No airport district shall expropriate property outside the boundaries of said district. If the district was formed by a single municipality or political subdivision, no property shall be expropriated by the district without the concurrence of the governing authority of said municipality or political subdivision. If an airport district was formed by two or more municipalities or political subdivisions, no property shall be expropriated in any one thereof without the concurrence of the governing authority of that municipality or political subdivision.
 C. An airport district, through its governing authority, may by resolution or ordinance establish, maintain, and collect proper and reasonable rates, charges, rents, or other fees for the use of the facilities of the airport. The governing authority may provide for the housing of any airplane at suitable facilities within a district. An airport district may adopt and enforce regulations necessary for the protection of the safety of persons using airports constructed and maintained by the district.
 D. An airport district may enter into agreements with the United States or with any state or federal agency necessary to procure aid and grants to assist the district in carrying out the purposes for which it was created. (Emphasis added).
In response to your first question, there is no statutory authority for the airport district to establish an independent police authority and hire police personnel, and the emphasized portion of R.S. 2:326(C) quoted above does not confer such authority on the district. Rather, a parish or a municipality is statutorily empowered under R.S. 2:131 and R.S. 2:138 to establish and police an airport. These statutes respectively provide:
 § 131. Definition; political subdivisions may acquire airports
 A. "Political subdivision" as used in this Part means any parish of this state as well as any city or county of another adjoining or adjacent state which is authorized by the law of that state to engage in a joint endeavor for the creation and operation of an airport district with a political subdivision of this state. In any such joint endeavor, except to the extent manifestly inconsistent with this Part, the law of that state will govern the acquisition of lands in such other state and the appointment, term of service, and compensation for commissioners appointed by or for such city or county.
 B. Cities, towns and other political subdivisions may separately or jointly, acquire, establish, construct, expand, own, lease, control, equip, improve, maintain, operate, regulate, and police, airports and landing fields for the use of aircraft, either within or without the geographical limits of such municipalities, and other political subdivisions, and may use for such purposes any available property that is owned or controlled by such political subdivisions; but no political subdivision shall exercise the authority hereby conferred outside of its geographical limits except in an adjoining political subdivision or in any adjoining political subdivision adjacent to said adjoining political subdivision and this only jointly with those political subdivisions.
§ 138. Authority of police airports
 Cities, towns, or other political subdivisions of this state acquiring, establishing, developing, operating, maintaining, or controlling airports or landing fields, without the geographical limits of such subdivisions, under the provisions of this part, may promulgate, amend, and enforce police regulations for such airports or landing fields.
Further explanation of the status of airport security personnel vis-à-vis an airport district comes from jurisprudence and previous opinions issued by this office. Citing the case of Hair vs. City ofBaton Rouge, 297 So.2d 451 (La.App. 1 Cir. 1974), this office has concluded that the Baton Rouge Airport Authority is not an "authority" under the Airport Authorities Act, R.S. 2:601 et seq., but is instead, an arm of the municipality itself under the Uniform Airports Act, 2:131 et seq. "In other words, the officers are not employees of apolitical subdivision separate from the municipality, but are insteademployed under the municipality's authority under R.S. 2:131 and R.S.2:138 to establish and police a city-owned airport." See Attorney General Opinion 83-43 and Attorney General Opinion 01-288, copies attached.
Similarly, the Airport District No. 1 of Calcasieu Parish is not an "authority" but is an arm of the parish under the Uniform Airports Act,2:131 et seq. Again, these employees would necessarily be employees of the parish (for instance, commissioned by the sheriffs office) or employees of the municipality (commissioned by the municipal police department). In either instance, it is assumed that these security personnel would be provided for by an appropriate cooperative endeavor agreement between the airport district and the law enforcement agency.
 2. Are the powers of the airport police force limited to regulations adopted by Airport District No. 1 or would the airport police force have full arrest powers for violations of federal and/or state and local laws?
In response to your second question, the airport security personnel would have the arrest authority of a "peace officer" and as further defined by the commission received from their respective law enforcement agency. Note that R.S. 40:2402 defines peace officer as "any full-time employee of the state, a municipality, a sheriff or other public agency, whose permanent duties actually include the making of arrests, the performing of searches and seizures, or the execution of criminal warrants, and is responsible for the prevention or detection of crime or for the enforcement of the penal, traffic, or highway laws of this state, but not including any elected or appointed head of a law enforcement department."
This office has previously determined that airport security officers are to be classified as "peace officers" under R.S. 40:2405 and as such must complete the basic law enforcement training course as defined therein. See Attorney General Opinion 82-1125, copy attached. This office has also previously determined that officers commissioned by the Calcasieu's parish sheriffs office (with pay supplemented by the airport commission) who police Lake Charles Chennault Field are considered peace officers. See Attorney General Opinion 83-231, copy attached.
Concerning the powers of arrest, note that a peace officer may without a warrant arrest a person in certain instances, pursuant to C.Cr.P. Art.213.[1]
The courts have recognized the wide latitude given to police departments, sheriffs offices, and other law enforcement agencies in making their own reasonable regulations, including the carrying of firearms and ammunition by police officers while on and off duty.Lally v. Department of Police, 306 So.2d 65 (4th Cir. 1974).
 3. Absent the establishment of specific state legislation of joint services agreements with other local law enforcement agencies, is there any authority for Airport District No. 1 to establish an independent police force with full authority to enforce federal and/or state and local laws?
In response to your third question, our research reflects no statutory authority or other authority empowering the airport district to create its own police force, absent a cooperative endeavor agreement to the contrary.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:arg
[1] C.Cr.P. Art. 213 states:
A peace officer may, without a warrant, arrest a person when:
(1) The person to be arrested has committed an offense in his presence; and if the arrest is for a misdemeanor, it must be made immediately or on close pursuit;
(2) The person to be arrested has committed a felony, although not in the presence of the officer;
(3) The peace officer has reasonable cause to believe that the person to be arrested has committed an offense, although not in the presence of the officer, or
(4) The peace officer has received positive and reliable information that another peace officer from this state holds an arrest warrant, or a peace officer of another state or the United States holds an arrest warrant for a felony offense. A peace officer in close pursuit of a person to be arrested, who is making an arrest pursuant to this Article may enter another jurisdiction in this state and make the arrest.
SYLLABUS
OPINION 06-0253
1B AERONAUTICS
60 LAW OFFICERS — Authority Jurisdiction
The Airport District No. 1 of Calcasieu Parish is not an "authority" but is an arm of the parish under the Uniform Airports Act, 2:131et seq. An airport district lacks authority to establish an independent police force; Rather, a parish or a municipality is statutorily empowered under R.S. 2:131 and R.S. 2:138 to establish and police an airport.
Mr. Robert S. Kleinschmidt, Jr. Assistant District Attorney Fourteenth Judicial District Lake Charles, LA
Date Received:
Date Released:
KERRY L. KILPATRICK ASSSITANT ATTORNEY GENERAL
 OPINION NUMBER 83-43
February 16, 1983.
1-B . . . AERONAUTICS — AIRPORTS — CIVIL AIR PATROL
60 . . . LAW OFFICERS — AUTHORITY JURISDICTION
71 . . . MUNICIPALITIES
Baton Rouge Airport Police Officers are municipal police officers entitled to supplemental pay.
R.S. 33:2218.2 R.S. 2:131 R.S. 2:138
Mr. Sid Gautreaux Chairman Board of Review Municipal Police Officers Supplemental Pay Baton Rouge, Louisiana